454 So.2d 1235 (1984)
STATE of Louisiana, Appellee,
v.
Patrick H. HOGAN, Appellant.
No. 16,252-KA.
Court of Appeal of Louisiana, Second Circuit.
August 22, 1984.
Rehearing Denied September 21, 1984.
Indigent Defender Office by Donald R. Minor, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., by Scott J. Crichton and John A. Broadwell, Asst. Dist. Attys., Shreveport, for appellee.
Before HALL, FRED W. JONES and SEXTON, JJ.
FRED W. JONES, Jr., Judge.
The defendant Hogan was charged with attempted second degree murder. He was tried by jury and found guilty of aggravated battery (R.S. 14:34). The defendant was sentenced to imprisonment at hard labor for a total of seven years without benefit of parole. This appeal, based upon one assignment of error, involves the assertion that the sentence is excessive.
On the night of October 16, 1982 Gary Simon and R.L. Smith were engaged in a dice game on the porch of a vacant house in Shreveport. Patrick Hogan approached the two and asked if he could join in the game. Simon refused the request, stating that Hogan was jinxing him. An argument ensued between the two. Shortly thereafter Hogan shot Simon twice in the back. As a result Simon was paralyzed from the chest down. As noted, Hogan was charged with attempted second degree murder.
Testimony at the trial describing the fracas was contradictory. Simon stated that during the argument the defendant left and went down an alley to retrieve a .22 caliber rifle. When he returned with the weapon, Simon jumped from the porch and stood between two houses with his hands raised to indicate he was surrendering. Since defendant continued advancing, Simon started to flee. Defendant shot him twice in the back, with the second shot severing his spinal cord.
On the other hand, both Smith and the defendant testified that during the argument it was Simon who first left the porch and said "just wait `til I get back." The defendant then secured his rifle from a nearby location in order to protect himself from a possible attack by Simon. When *1236 the latter returned he appeared to be carrying something in his hand. Defendant thereupon, according to his testimony, shot Simon in self-defense. Defendant then ran down the street, only to observe Simon emerge from between two houses. At that time, assertedly in fear of his life, defendant shot Simon again.
As explained above, the jury found defendant guilty of aggravated battery.
Prior to imposition of sentence the trial judge noted both aggravating and mitigating factors. With reference to the former he pointed out the seriousness of the harm done to the victim who is apparently relegated to the use of a wheel chair for life. Among mitigating factors listed by the trial court was the victim's provocation; the probability that the defendant would not commit other crimes; the hardship that imprisonment would cause the defendant's family; the defendant's insignificant criminal record; the defendant's good work record; and the defendant's good character.
The trial judge then observed that, because the defendant used a firearm in the commission of the crime, certain minimum penalties were mandated by La.R.S. 14: 95.2 and La.C.Cr.P. Art. 893.1.
La.R.S. 14:95.2, enacted in 1977, provides:
Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, or aggravated arson or attempted aggravated rape, attempted first degree murder or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
The prison terms provided under the provisions of this Section, shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.
La.C.Cr.P. Article 893.1, enacted in 1981, stipulates:
When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
Feeling bound by these two provisions, the trial judge imposed the minimum five year sentence under Article 893.1 and the additional two year sentence under R.S. 14:95.2, both without benefit of parole.
Defendant argues that "the implementation of 893.1 and 14:95.2 has violated his right to a meaningful sentence which makes a measurable contribution to acceptable goals of punishment." He further contends that these statutes kept the trial court from individualizing the sentence to the offender and the offense.
This argument has been leveled at the second degree murder and armed robbery statutes and has been rejected. See State v. Parker, 416 So.2d 545 (La.1982); State v. Victorian, 332 So.2d 220 (La.1976); State v. Lawry, 430 So.2d 153 (La.App. 2d Cir. 1983).
*1237 Furthermore, our Supreme Court has had the opportunity but did not find fault with either of the statutes attacked by the defendant. In State v. Robinson, 423 So.2d 1053 (La.1983), Article 893.1 was deemed inapplicable in sentencing only because it was enacted after the commission of the crime. Imposition by the trial court of the additional two year sentence under R.S. 14:95.2 was approved in State v. Roussel, 424 So.2d 226 (La.1982).
It may be argued that Article 893.1 is inapplicable since R.S. 14:95.2 "otherwise prohibits" suspension of the two year sentence. Thus construed, Article 893.1 would become practically useless since R.S. 14:95.2 pertains to most felonies involving the use of a firearm. It would be improper for this court to assume that the legislature was simply engaging in a futile exercise by enactment of the statute in question.
In State v. Goode, 380 So.2d 1361 (La. 1980), the court considered the constitutionality of La.R.S. 14:50.1, which mandated a minimum of five additional years without benefit of parole, probation or suspension of sentence for certain crimes committed against the person of an individual 65 years or older. In this particular case the crime charged was simple battery, a misdemeanor carrying a maximum sentence of six months in jail. Noting that the statute failed to provide for a maximum sentence and that the defendant could conceivably receive a life sentence for the misdemeanor, the court found that it violated the Louisiana constitutional article prohibiting excessive punishment.
Our case is distinguishable from Goode in that there is a maximum imposable sentence of twelve years, seven of which must be without benefit of parole, probation or suspension of sentence. The trial judge, for reasons expressed in the record, chose not to impose this maximum sentence.
To summarize, apparently motivated by a deep concern over the serious consequences of crimes involving the use of firearms, our legislature exercised its lawful prerogative in directing the imposition of a minimum sentence. This has been accomplished by the enactment of R.S. 14:95.2 and Article 893.1. The trial judge correctly took note of and applied these two statutes in this case.
The sentence imposed is not excessive. Consequently, the assignment of error is without merit.
Decree
Defendant's sentence is affirmed.
HALL, Judge, dissenting.
I do not believe that the legislature intended that both of the penalty enhancement statutes, LSAR.S. 14:95.2 and LSA C.Cr.P. Art. 893.1, be applied in imposing sentence for a felony involving the use of a firearm so as to require a minimum sentence of seven years at hard labor without benefit of suspension of sentence, probation, or parole in each such case.
LSAR.S. 14:95.2 was added to Title 14 by Act 622 of 1977. It provides for a term of two years imprisonment for a first conviction and five years for a second and subsequent offense to be served without benefit of parole, probation, or suspension of sentence or credit for good time, such penalty to be in addition to any other penalty imposed and to run consecutively to any other penalty imposed. It applies to certain enumerated felonies.
LSAC.Cr.P. Art. 893.1 was subsequently added to the Code of Criminal Procedure chapter providing general sentencing provisions by Act 139 of 1981. It provides minimum sentences without benefit of suspension of sentence, probation, or parole when a firearm is used in the commission of a felony and "when suspension of sentence is not otherwise prohibited."
Suspension of sentence is "otherwise prohibited" for certain felonies such as armed robbery, LSAR.S. 14:64. It is "otherwise prohibited" for the specific felonies involving use of a firearm enumerated in LSA R.S. 14:95.2. Accordingly, Article 893.1 is not applicable to those felonies to which LSAR.S. 14:95.2 is applicable. It makes sense to say that Article 893.1 was designed *1238 as a catchall to provide enhanced penalties without suspension of sentence, probation, or parole only for those felonies not listed in LSAR.S. 14:95.2 or for which the basic penalty provisions do not provide a prohibition against suspension of sentence, probation, or parole. An example of a felony not listed in LSAR.S. 14:95.2 and the penalty provisions of which do not prohibit suspension of sentence, probation, or parole, to which Article 893.1 would apply when a firearm is used, is negligent homicide, LSAR.S. 14:32.
There is another reason for concluding that the legislature did not intend for the penalty provisions of LSAR.S. 14:95.2 to be imposed in addition to the penalty provisions of LSAC.Cr.P. Art. 893.1. LSA R.S. 14:95.2, enacted in 1977, provides that the penalty provided therein shall be in addition to any other penalty imposed under the provisions "of this Title." Article 893.1 was not enacted until 1981 and obviously the legislature did not have the penalty provisions of Article 893.1 in mind when LSAR.S. 14:95.2 was enacted. Even after enactment of Article 893.1, the penalty under that article of the Code of Criminal Procedure is not a penalty imposed under the provisions of "this Title", that is, Title 14.
In sum, my view is that LSAR.S. 14:95.2 and LSAC.Cr.P. Art. 893.1 cannot both be applied to enhance the penalty for a felony involving the use of a firearm. In the case of each felony involving the use of a firearm, one or the other of the statutes, but not both, will apply.
I would set aside the sentence imposed in this case and remand with instructions that the defendant be resentenced in accordance with LSAR.S. 14:34 and 14:95.2.