PRICE, Judge.
Donnie Ray Harris has appealed his conviction for manslaughter (La.R.S. 14:31) and the consecutive sentences of 5 and 2 years at hard labor without the benefit of parole as mandated by La.C.Cr.P. Art. 893.1 and La.R.S. 14:95.2.
Defendant assigns as error:
(1) That the evidence was insufficient to support his conviction and
(2) That the sentence imposed on him is excessive and that La.C.Cr.P. Art. 893.1 and La.R.S. 14:95.2 are unconstitutional as applied to him.
We find no merit to either assignment and affirm the conviction and sentence for the reasons assigned.
FACTS:
On Thanksgiving Day, November 25, 1982, Isiah Williams (the victim) was living with his brother, John Henry Williams, his step-daughter, Brenda Lubom, and her boyfriend, Rory Joyce. Defendant was living next door with his girlfriend, Esther Marie Evans.
During the evening, the residents of the Williams’ household were joined by Gloria Bryant and Ethel Pimpton, girlfriends of Isiah Williams. The group began drinking and dancing and during the course of the festivities, Isiah Williams slapped Gloria Bryant. This precipitated a fight between Isiah Williams and his brother, John Henry Williams.
During the fight between the two brothers, Ethel Pimpton and Gloria Bryant left the Williams’ residence and went next door to the defendant’s house. While there, Pimpton discovered that she was missing $100 from her purse, so she accompanied the defendant’s girlfriend, Esther Marie Evans, back over to the Williams’ residence to look for the money. The money could not be located, so the pair returned to the defendant’s house suspecting that Williams had stolen the money.
Williams followed Pimpton and Evans outside of his house and began to curse Evans. Williams also demanded that Pimp-ton return to the party. The defendant came out on his porch with his shotgun by his side and, after a few words were exchanged with Williams, defendant discharged his shotgun and killed Williams.
The record contains differing testimony as to how the fatal shooting actually occurred. The state’s witnesses testified that Williams was unarmed and unthreatening as he argued with the defendant. The defendant testified that Williams was armed with a shotgun and lunged toward him. The defendant also testified that because of Williams’ violent and aggressive reputation, he tried to retreat back inside his house during the argument. Defendant further contends that while he was retreating, his shotgun became entangled in a curtain hanging in the doorway and it accidentally discharged. An unloaded shotgun was found on the Williams’ porch when the police arrived. However, the state’s evidence indicated that the shotgun was on the porch because the defendant’s brother brought the gun outside after the incident seeking revenge against the defendant.
ASSIGNMENT OP ERROR NUMBER 1:
Defendant contends the state’s evidence was not sufficient to prove all of the elements of the crime of manslaughter as there was insufficient evidence to show the killing was not in self defense. Defendant contends this is particularly true since the state’s evidence is primarily circumstantial and the evidence must exclude every reasonable hypothesis of innocence under La. R.S. 15:438. Therefore, the issue before us on appeal is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the homicide was not committed in self-defense.
*1240 The state presented three witnesses who explained how the victim’s gun, which was not loaded, came to be on the Williams’ porch after the shooting. Although the testimony of each of these witnesses varies somewhat from the others in explaining how the victim’s gun became involved in the incident and although all three had a close relationship with the victim, their testimony, if believed by the jury, established that the victim was unarmed at the time of the shooting.
The state also offered the testimony of Gloria Bryant who was in defendant’s house at the time of the shooting. She testified that defendant walked through his front room and stepped out the front door with his shotgun down by his side. She further testified that after defendant stepped on the porch he raised the gun and fired toward the Williams’ residence. Bryant also denied having seen defendant stumble and fall backward into a curtain which caused the gun to accidentally discharge.
This record does not support defendant’s contention that the victim, while armed with a shotgun, lunged toward defendant causing him to panic and to fall into the curtain and to accidentally discharge the gun. Defendant’s body was found by investigating officers partially on the steps which are located in the center of the porch. The coroner’s testimony that the wound indicated the victim was moving when shot does not have the effect contended by defendant. The wound was on the right side of the chest which conflicts with defendant’s contention that the victim was lunging toward him when the shooting occurred. An examination of photographs showing the position of defendant’s porch with the victim’s porch lends further corroboration to the state’s case.
We find there is sufficient evidence to sustain the state’s burden of proving the killing was not done in self-defense under the standard set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Chism, 436 So.2d 464 (La.1983); and State v. Willis, 446 So.2d 795 (La.App. 2d Cir.1984). This assignment has no merit.
ASSIGNMENT OF ERROR NUMBER 2:
At the sentencing hearing the trial court acknowledged that if it were not for the mandatory provisions of La.C.Cr.P. Art. 893.1[1] and La.R.S. 14:95.2[2] it would have imposed a lesser sentence in view of the mitigating circumstances present in this case. Defendant contends that these statutes are unconstitutional in that they violate the prohibitions of Art. 1, Sec. 20 of the Louisiana Constitution of 1974 against *1241 laws subjecting a person to excessive punishment.
Appellant contends that both Art. 893.1 and R.S. 14:95.2 make no measurable contribution to acceptable goals of punishment and the sentences mandated by these statutes are grossly out of proportion to the severity of the crime. Therefore, they fail to meet the constitutional test set forth in State v. Williams, 397 So.2d 1287 (La. 1981). Appellant also contends the application of these statutes is in conflict with the utilization of sentencing guidelines required by La.C.Cr.P. Art. 894.1.
The identical issue presented by this assignment of error is before this court in State v. Hogan, 454 So.2d 1235 (La.App.2d Cir.1984), in which an opinion is being rendered on this date. For the reasons assigned in that opinion we find that Art. 893.1 and R.S. 14:95.2 are not unconstitutional and defendant’s sentence does not constitute excessive punishment in this case. Therefore, there is no merit to this assignment of error.
For the foregoing reasons the conviction and sentence are affirmed.

. Art. 893.1.
When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.

. R.S. 14:95.2.
Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, or aggravated arson or attempted aggravated rape, attempted first degree murder or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
The prison terms provided under the provisions of this Section, shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.