463 So.2d 808 (1985)
STATE of Louisiana, Appellee,
v.
Eddie KENNEDY, Appellant.
No. 16611-KW.
Court of Appeal of Louisiana, Second Circuit.
January 23, 1985.
Rehearing Denied February 22, 1985.[*]
*809 Culpepper, Teat, Caldwell & Avery by Bobby L. Culpepper, Jonesboro, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, T.J. Adkins, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., Ruston, for appellee.
Before MARVIN and SEXTON, JJ., and PRICE, J. Pro Tem.
*810 SEXTON, Judge.
Defendant, by this writ application, challenges the constitutionality of the trial court's application of LSA-R.S. 14:95.2 and LSA-C.Cr.P. Art. 893.1 to his sentence, subsequent to a plea of guilty to the offense of aggravated battery. He also challenges the sentence as excessive. We affirm.
The defendant was originally charged with the offenses of attempted second degree murder and armed robbery as a result of the December 5, 1983 shooting of George Johnson. The shooting resulted because the defendant thought that the victim, George Johnson, had broken into his house and taken items which the defendant had recently obtained in a burglary. The defendant accosted Johnson at the West Side Center, accused him of breaking into his house and fired several shots at Johnson, hitting him once in the stomach and once in the ankle. The first time the defendant pulled the trigger, the weapon did not fire. The defendant's statement to the probation officer who conducted the presentence investigation indicates that he accomplished the burglary not long after using marijuana and that this shooting apparently occurred shortly after the defendant had consumed quaaludes.
In the plea bargain, which resulted in the defendant's plea of guilty to aggravated battery, responsive to the original charge of attempted second degree murder, the defendant agreed not to appeal the sentence and also agreed to testify against his co-defendants in the burglary which occurred a few days before this offense. In addition to accepting the plea to the reduced charge, the state agreed not to proceed on the burglary offense against the defendant and also dropped an armed robbery bill[1] filed in connection with this offense.
Subsequent to the plea and prior to sentencing, the defendant filed a motion to quash the application of LSA-C.Cr.P. Art. 893.1 to his sentence on the basis that the article is unconstitutional. This motion was denied. On June 1, 1984, the defendant was sentenced to two years at hard labor under LSA-R.S. 14:95.2,[2] and an additional five years under LSA-C.Cr.P. Art. 893.1,[3] all without the benefit of parole, probation or suspension of sentence.
Apparently because he had agreed in the plea bargain not to appeal, the defendant sought writs from this Court on the issue of the denial of the motion to quash. We *811 denied defendant's application on June 21, 1984. Subsequent to the defendant's application to the Louisiana Supreme Court, that Court granted writs on October 5, 1984, and the case was "remanded to the Court of Appeal for briefing, argument and opinion." 457 So.2d 1185.
In this application defendant asserts three errors. In the first assignment, the defendant contends the trial court imposed an unconstitutional sentence when it applied both of the firearms enhancement articles, LSA-R.S. 14:95.2 and LSA-C.Cr.P. Art. 893.1, together. This Court specifically rejected this same argument recently in State v. Hogan, 454 So.2d 1235 (La.App. 2d Cir.1984). On that same date a different panel agreed in State v. Harris, 454 So.2d 1238 (La.App. 2d Cir.1984). In Hogan, Judge Jones, F. observed that, "apparently motivated by deep concern over the serious consequences of crimes involving the use of firearms, our legislature exercised its lawful prerogative in directing the imposition of a minimum sentence. This has been accomplished by the enactment of R.S. 14:95.2 and Article 893.1."
Additionally, defendant argues that he was not given notice that he was potentially subject to these articles because they were not charged in the bill of information. The Supreme Court rejected this argument in State v. Roussel, 424 So.2d 226 (La. 1982).
In his second assignment of error, the defendant makes a number of constitutional objections to Article 893.1 by referring us to his motion to quash filed in the trial court. He does not elaborate on these objections before us other than to rely on State v. Goode, 380 So.2d 1361 (La.1980), in which the Supreme Court held that the application of LSA-R.S. 14:50.1 mandating a minimum sentence of five additional years for certain crimes committed against a person sixty-five years of age was unconstitutional because the mandatory penalty could result in a sentence disproportionate to the severity of the crime.
In Hogan, supra, this Court distinguished Goode with respect to the statutes at issue here. We emphasized that the Legislature acted well within its prerogative in passing these two statutes and mandating a seven year minimum sentence without benefit of parole, probation or suspension of sentence where firearms were used in the commission of certain offenses. The wisdom of that prerogative is emphasized by the inordinate physical harm and arduous recovery suffered by this victim through the use of a firearm in this offense.
Regarding this assignment, appellant also contends that there is no reason to distinguish between offenses committed with a firearm and those committed with another type of dangerous weapon. In finding the enhancement provisions at issue to be within the legislative prerogative, we simultaneously dispose of this argument. Another complaint of the defendant, that Article 893.1 violates the defendant's right to a meaningful sentence because it eliminates the trial judge's discretion, was also disposed of in Hogan, supra. Also, the defendant's complaint under this assignment of lack of notice by way of the bill of information was rejected in our discussion of the previous assignment. Furthermore, we find no merit to the several unargued complaints of appellant that in various ways Article 893.1 is vague.
Additionally under this assignment, appellant contends that by imposition of a minimum sentence the statute imposes cruel or unusual punishment. This contention has similarly been leveled at other minimum sentence statutes to no avail. See State v. Brooks, 350 So.2d 1174 (La. 1977), which upheld the mandatory life imprisonment sentencing provision of LSA-R.S. 14:30.1, second degree murder; State v. Hopkins, 351 So.2d 474 (La.1977), which upheld the constitutionality of mandatory life imprisonment provision of LSA-R.S. 40:966B(1), distribution of heroin; State v. *812 Bonanno, 384 So.2d 355 (La.1980), which upheld the constitutionality of the five to thirty year penalty range for distribution of cocaine under LSA-R.S. 40:967. Another of appellant's arguments under this assignment is that the statute operates to preclude individualization. As we noted earlier, this contention was resolved by this Court in Hogan, supra.
Also under this assignment, appellant makes several assertions regarding constitutionality which lend themselves to a claim of excessiveness. These contentions will be considered hereinafter under appellant's third and final assignment of error, i.e., that his sentence is excessive.
Now addressing ourselves specifically to the issue of excessiveness with respect to this defendant, we hold that a sentence of seven years at hard labor without benefit of parole, probation or suspension of sentence is not excessive for a defendant, apparently under the influence of drugs, who, unannounced, accosts a person in a public place with a firearm and fires several times at that person, even though the assailant believes the victim may have burglarized his premisesparticularly when defendant's act results from his belief that the victim's alleged swag from defendant's house was at least in part made up of items which the defendant had recently burglarized from another.
The actions of this defendant could easily have resulted in the death of the victim, as well as death or serious bodily injury to other persons in and about the premises. The defendant, under the facts of this case, is obviously technically guilty of attempted second degree murder, the maximum sentence for which is fifty years at hard labor. Thus the defendant benefitted substantially from being allowed to plead to the reduced charge, and under the facts of this cause should not now be heard to complain of the excessiveness of his sentence. The sentence of the defendant is affirmed.
AFFIRMED.
NOTES
[*] Hall, J., dissents from refusal to grant rehearing.
[1] Apparently, the armed robbery charge was weak.
[2] § 95.2 Additional penalties for possession of a firearm or explosive device in the commission of certain crimes

Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, or aggravated arson or attempted aggravated rape, attempted first degree murder or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
The prison term provided under the provisions of this Section, shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.
[3] Art. 893.1 Use of firearm in commission of a felony; sentencing

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.