480 So.2d 299 (1985)
STATE of Louisiana
v.
Eddie KENNEDY.
No. 85-KK-0428.
Supreme Court of Louisiana.
December 2, 1985.
*300 Bobby L. Culpepper, Culpepper, Teat, Caldwell & Avery, Jonesboro, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., T.J. Adkins, Dist. Atty., Dan J. Grady, III, Asst. Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.
This is one of eight cases in which writs were granted simultaneously and oral arguments consolidated.[1] Each of them include related problems concerning the application of La.Rev.Stat.Ann. § 14:95.2 and La.Code Crim.Pro. art. 893.1, two firearm enhancement statutes.[2]
In this case defendant pled guilty to aggravated battery, La.Rev.Stat.Ann. § 14:34, a felony which carries a maximum penalty of ten years at hard labor and a fine of not more than $5,000.00. He was sentenced to "two years under Article [sic] 95.2 and five years under art. 893.1 of the Code of Criminal Procedure, all without parole, probation or suspension of sentence... the minimum sentence that the court is legally authorized to impose." In seeking writs first to the Court of Appeal, 463 So.2d 808, and now to this Court, defendant complains of 1) an illegal, excessive and unconstitutional sentence, in part because of the in tandem application of § 14:95.2 and art. 893.1, and 2) the trial court's overruling his motion to quash and/or plea of unconstitutionality which protested application of art. 893.1 notwithstanding the absence of pre-trial or pre-plea notice.

Assignment of Error No. 1
Defendant's essential complaint that his sentence of seven years without benefit of parole, probation, or suspension is "unconstitutional, excessive and/or illegal" relates to the in tandem application of § 14:95.2 and art. 893.1. He most pointedly protests that 893.1 does not apply to aggravated battery, one of the ten crimes specifically named in § 14:95.2. He points out that art. 893.1, by its terms, applies to a felony conviction when suspension of sentence is not otherwise prohibited, and that § 14:95.2 when applied to a case involving aggravated battery does in fact prohibit suspension of sentence.
We addressed this very argument in State v. Harris, 480 So.2d 281 (La.1985), also rendered this day. In general terms, we noted that
"[t]he two statutes are complementary, not parallel. § 14:95.2 is essentially a crime/penalty statute; art. 893.1 merely limits sentencing discretion of the trial judge. § 14:95.2 imposes a two year sentence in addition to the penalty provided for the particular ten felonies; art. 893.1 establishes a mandatory minimum sentence within the already established statutory range for any felony. It does not increase the maximum sentence already provided for the commission of the particular offense. Absent sound legal reasons, or contrary expression of intent by the Legislature, the two provisions are logically compatible and seem to be applicable simultaneously."
With regard to defendant's position, also advocated by the dissent in State v. Hogan, 454 So.2d 1235, 1237-38 (La.App. 2d Cir. 1984), and which we did not embrace, we explained:
"§ 14:95.2, of course, provides a two year additional term of imprisonment without benefit of parole, probation, or *301 suspension of sentence, or credit for good time. Contrary to the assumption supporting this argument, it is the underlying offense and its statutory penalty to which art. 893.1 applies when it imposes the minimum sentence, and it is the underlying offense and its penalty provision to which reference is made by the language of art. 893.1, "when suspension of sentence is not otherwise prohibited." § 14:95.2's prohibition against suspension of sentence is by the terms of the statute applicable only to the additional two year term of imprisonment, not to the penalty statutorily prescribed for the underlying offense. Thus it cannot be said that for each of the ten crimes specified therein, § 14:95.2 already prohibits parole, probation, or suspension of sentence."
Therefore, we concluded that § 14:95.2 and art. 893.1 may be imposed simultaneously when applicable and that art. 893.1 is applicable to all felonies, including those specially enumerated in § 14:95.2.
Accordingly, defendant's contention that 893.1 is not applicable to aggravated battery is without merit.
Within the defendant's contention that his sentence is "unconstitutional, excessive and/or illegal" because of, among other reasons, the application of both art. 893.1 and § 14:95.2, we find implicit therein, the contention that the imposition of the § 14:95.2 penalty without notice to the defendant of the nature of the cause of the accusation nullifies the enhancement. The absence of such notice is a constitutional infirmity which we choose to address in our discussion of defendant's second assignment of error wherein notice and 893.1 constitute the principal matter under consideration.

Assignment of Error No. 2
In State v. (David) Jackson, 480 So.2d 263 (La.1985), rendered this day, we decided that La.Rev.Stat.Ann. § 14:95.2,[3] which imposes an additional penalty for possession of a firearm in the commission of each of ten enumerated felonies, may not be used to enhance a defendant's sentence unless he has been charged in the bill of information or indictment with firearm use, or with violating § 14:95.2. On the other hand, we held that La.Code Crim.Pro. art. 893.1,[4] which mandates a minimum sentence (and negates parole, probation, or suspension), to be imposed when the court makes a finding that a firearm was used in *302 the commission of a felony, simply requires written notice by the prosecution prior to trial of the intended application of this limitation on the judge's sentencing discretion. Our ruling with regard to § 14:95.2 was given limited retroactive application, while our decision with regard to art. 893.1 is to be afforded only prospective application unless particular prejudice can be shown to the defendant. State v. Jackson, 480 So.2d at 268-271.
In this case defendant was not charged in the bill of information with § 14:95.2 or use of a firearm in commission of the attempted second degree murder.[5] The additional two year penalty imposed by the trial court in this case is therefore illegal.
With regard to the art. 893.1 enhancement, defendant was not notified of the forthcoming application of art. 893.1. Nonetheless, because in Jackson, supra we made our ruling[6] applicable only prospectively, defendant will be entitled to relief only if he can show that he was prejudiced.
For the reasons which follow we find no prejudice to this defendant.[7]
The defendant was originally charged with attempted second degree murder as a result of a December 5, 1983 shooting of one George Johnson. Apparently the shooting came about because the defendant thought that the victim, George Johnson, had broken into his house and taken items which the defendant had recently obtained in a burglary. The defendant accosted Johnson at the West Side Recreation Center in Ruston, accused him of breaking into his house, and fired several shots at Johnson, hitting him once in the stomach and once in the ankle. The defendant's statement to the probation officer who conducted the pre-sentence investigation indicates that he accomplished the burglary not long after using marijuana, and that this shooting apparently occurred shortly after the defendant had consumed quaaludes.
For the defendant's cooperation in the investigation of the burglary (there apparently were other principals in that burglary),[8] the state expressed a willingness to reduce the attempted second degree murder charge and accept a plea of guilty to aggravated battery. The state also agreed to dismiss some other charges.[9] On a file copy of a letter of January 13, 1984, directed by the assistant district attorney to the attorney for the defendant, which contained the State's first plea offer, the district attorney's handwritten memo indicated his agreement to accept a plea to aggravated battery instead of attempted second degree murder "since C.Cr.P. Art. 893.1 and R.S. 14:95.2 combine to make a minimum sentence of 7 yrs. w/o parole, etc." Supporting the view that the attorney for the defendant was aware of the State's sentencing objectives when the plea agreement was struck is the fact that defendant, *303 through his attorney, filed a motion to quash and/or plea of unconstitutionality attacking the applicability of art. 893.1 on March 14, 1984, the very day following the entering of the plea bargain agreement. That motion was pending and unresolved when on March 19, 1985 defendant was arraigned and pled guilty to aggravated battery. It is evident therefore that when defendant pled he was aware that the district attorney intended to press for the art. 893.1 enhancement. At his arraignment, the trial judge advised him that the penalty for aggravated battery was a fine of $5,000.00 and imprisonment at hard labor for ten years. The judge did not address the § 14:95.2 and/or art. 893.1 enhancements. On the other hand there was no express mistaken advice as was the case in Delcambre, supra, where the judge told defendant, "I could give you a suspended sentence...." Defendant here was not misled into pleading guilty on any assurance that his sentence would not be enhanced under art. 893.1. When he pled, he and his attorney were fully aware that the district attorney would continue to press for seven years without benefit. He apparently pled guilty because substantial concessions had already been made by the district attorney in return for the guilty plea.
For the foregoing reasons defendant was not prejudiced. His guilty plea was not induced by erroneous advice about his sentencing exposure. He and his attorney were fully aware of the threatened application of the art. 893.1 enhancement.
Since there is no constitutional deficiency in defendant's not being formally notified of the gun use, or the district attorney's or judge's forthcoming intention to invoke art. 893.1, and since defendant was not prejudiced by the absence of formal notification concerning art. 893.1, there is no impediment to the art. 893.1 enhancement in this pre-Jackson case.
In summary, the § 14:95.2 two year enhancement is illegal. The art. 893.1 penalty enhancement, on the other hand, is valid.
One other matter deserves attention in this opinion. The district attorney joined with the defendant in asking this Court to grant writs because he thought, and we agree, that the law relative to the two firearm enhancement statutes needed clarification. Notwithstanding this he now protests that should we find meritorious (as we have) any part of the defendant's complaints, we should nonetheless affirm defendant's conviction and sentence for the reason that the defendant should not be permitted to secure relief through writ applications in a case in which he specifically agreed, in return for concessions, not to appeal his conviction or his sentence. He contends that defendant's writ applications protesting the legality of his sentence are tantamount to an appeal from his sentence. The simple answer to that complaint is that the defendant did not appeal. Furthermore, knowing that defendant filed a motion to quash the 893.1 application to his sentence just one day after the plea bargain was struck and five days before the guilty plea, the district attorney must have perceived that defendant would seek relief from an unfavorable ruling in this regard, by writ application if necessary.
We conclude that defendant's seeking writs to correct an illegal sentence was not barred by his agreement (assuming it existed) not to appeal.[10]

Decree
For the foregoing reasons defendant's conviction is affirmed, but his sentence is vacated (because of partial illegality) and the defendant remanded to the trial court for resentencing consistent with this opinion and in accordance with law.
*304 CONVICTION AFFIRMED; SENTENCE REVERSED; REMANDED FOR RESENTENCING.
DENNIS, J., concurs.
WATSON, J., dissents as to requiring notice.
NOTES
[1] The others are State v. Jackson, 480 So.2d 263; State v. Harris, 480 So.2d 281; State v. Hogan, 480 So.2d 288; State v. Barberousse, 480 So.2d 273; State v. Street, 480 So.2d 309; State v. Blache, 480 So.2d 304; and State v. Delcambre, 480 So.2d 294.
[2] § 14:95.2 applies when a person "uses a firearm or explosive device at the time he commits or attempts to commit" ten specified crimes. Art. 893.1 applies "when the court makes a finding that a firearm was used in the commission of a felony...."
[3] § 95.2. Additional penalties for possession of a firearm or explosive device in the commission of certain crimes

A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison terms provided under the provisions of this Section, shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.
[4] Art. 893.1. Use of firearm in commission of a felony; sentencing

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
[5] While he was billed with attempted second degree murder he pled to a reduced charge of aggravated battery.
[6] "An accused is entitled to know in advance of trial by receipt of a written notice from the prosecutor that the state intends to invoke art. 893.1 by calling on the trial judge prior to sentencing to make a finding that a firearm was used in the commission of the charged felony." State v. Jackson, at 271.
[7] But note that we have in two companion cases, Jackson, 480 So.2d 263, and Delcambre, 480 So.2d 294, opinions rendered this date, given relief to defendants who were prejudiced by absence of pretrial notice of art. 893.1 in cases wherein trial, and plea, respectively, preceded our Jackson holding.
[8] The defendant agreed to give a full statement to investigators regarding the burglary, including information regarding the identification of his co-conspirators and recovery of the remaining items.
[9] While it is not entirely clear, it appears, from the district attorney's brief, supported by a letter concerning plea negotiations, that two counts of armed robbery and one count of attempted armed robbery were to be dismissed and that one count of simply burglary would not be charged. Here, too, it is not clear whether either of the two robbery charges were an outgrowth of either of the two incidents, the burglary or the shooting.
[10] In fact, after the court of appeal declined the defendant's initial application for writs in this matter on June 21, 1985, on the basis that the defendant in the plea bargain had agreed not to appeal, we granted writs and summarily remanded the case to the court of appeal for briefing, argument and opinion on the legal issues raised in his application. State v. Kennedy, 457 So.2d 1185 (La.1984).