480 So.2d 294 (1985)
STATE of Louisiana
v.
Rickey DELCAMBRE.
No. 85-K-0853.
Supreme Court of Louisiana.
December 2, 1985.
*295 Theodore M. Haik, Jr., New Iberia, Michael Baham, Haik & Minvielle, New Iberia, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Bernard E. Boudreaux, Jr., Dist. Atty., Edward M. Leonard, Jr., Asst. Dist. Atty., for plaintiff-respondent.
CALOGERO, Justice.
This is one of eight cases in which writs were granted simultaneously and oral arguments consolidated.[1] Each of them include related problems concerning the application of La.Rev.Stat.Ann. § 14:95.2 and La.Code Crim.Pro. art. 893.1, two firearm enhancement statutes.[1]
In State v. (David) Jackson, 480 So.2d 263 (La. 1985), rendered this day, we decided that La.Rev.Stat.Ann. § 14:95.2,[2] which imposes an additional penalty for possession of a firearm in the commission of each of ten enumerated felonies, may *296 not be used to enhance a defendant's sentence unless he has been charged in the bill of information or indictment with firearm use, or with violating § 14:95.2. On the other hand, we held that La.Code Crim.Pro. art. 893.1,[3] which mandates a minimum sentence (and negates parole, probation, or suspension of sentence) to be imposed when the court makes a finding that a firearm was used in the commission of a felony, simply requires written notice by the prosecution prior to trial of the intended application of this limitation on the judge's sentencing discretion. Our ruling with regard to § 14:95.2 was given limited retroactive application, while our decision with regard to art. 893.1 is to be afforded only prospective application unless particular prejudice can be shown to the defendant. In this case, we find such prejudice and therefore apply the impact of our holding in Jackson retrospectively in an unusual guilty plea situation.
Rickey Delcambre was indicted for manslaughter, a violation of La.Rev.Stat.Ann. § 14:31, arising out of the shooting death of a drinking companion.[4] This charge was consolidated with an earlier charge of driving while intoxicated, fourth offense, and Delcambre pled guilty to both.[5] For a fourth conviction DWI, the offender must be sentenced to imprisonment at hard labor for not less than ten nor more than thirty years.[6] Delcambre received the statutory minimum ten years, which the judge ordered would be served concurrently with the penalty he imposed for the manslaughter. Under La.Rev.Stat.Ann. § 14:31, the court sentenced Delcambre to serve fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. In discussing his reasons for the sentence, the judge pointed out that La.Code Crim. Pro. art. 893.1 required a sentence of at least five years and that the sentence must be without benefit of probation, parole, or suspension when the court makes a finding that a firearm was used in the commission of a felony. The defendant appealed, complaining that the sentence was excessive. Rather than finding the sentence excessive, the First Circuit, 464 So.2d 473, noted as an error patent on the face of the record that the trial judge had imposed an illegally lenient sentence. Under the authority of La.Code Crim.Pro. art. 882, the Court of Appeal "correct[ed] the sentence to impose the mandated additional sentence of two years at hard labor, without benefit of parole, probation, suspension of sentence or credit for good time, and to run consecutively to the sentence imposed by the trial court for the violation of La.R.S. 14:31." That correction by the Court of Appeal was prompted by the existence of La.Rev.Stat. § 14:95.2.
In his application to this Court, appellant assigns as lower court error (1) the unconstitutionally *297 excessive sentence and (2) the Court of Appeal's imposition of the additional two years. With regard to the action of the Court of Appeal, the defendant complains of the chilling effect on his right to appeal, the constitutional violation of his right to be fully informed of the nature and cause of the accusations against him, and the in tandem application of the two firearm enhancement statutes, La.Code Crim. Pro. art. 893.1 and La.Rev.Stat. § 14:95.2.
As noted earlier, our decision in State v. Jackson requires that the imposition of La. Rev.Stat.Ann. § 14:95.2 be preceded by an appropriate charge in the bill of information or indictment. This holding, we decided, would be applicable to all cases which are still subject to direct review by this Court, as is this case which we now consider.
The district attorney's failure to charge Rickey Delcambre bars the judge from enhancing the manslaughter penalty under the provisions of § 14:95.2. Defendant was not charged in the indictment with regard to the possession of a firearm in the commission of the manslaughter. The additional two year penalty imposed by the Court of Appeal is therefore illegal.[7]
Although the defendant did not specifically assign as error the district attorney's failure to provide notice of his intent to seek the application of art. 893.1, that issue is properly before us. His complaints of an excessive sentence fairly encompass that omission. The sentence is arguably impermissibly excessive, at least in part because of the district attorney's failure to provide notice of his intent to invoke this enhancement provision.
With regard to the trial court's imposition of art. 893.1's minimum penalty for use of a firearm in the commission of a felony, with restrictions concerning probation, parole, and suspension, for the underlying offense,[8] we have enunciated in State v. Jackson, decided this day, a requirement for pre-trial, written notice by the prosecution. This requirement, however, is to be given prospective application. State v. Jackson, 480 So.2d 263, 271 (La.1985). Exceptions to this prospective application were anticipated only where the lack of knowledge of firearm use or impending application of art. 893.1 resulted in particular prejudice to the defendant.
The guilty plea situation in this case well illustrates the importance of notice to the defendant of the intended application of the firearm enhancement statutes. In this case, Delcambre entered a guilty plea to charges of the crimes of manslaughter and fourth offense DWI. Before accepting the plea, the judge interrogated the defendant as to the voluntariness of the plea and his understanding of the nature of the charges. As part of this plea process, the judge read to defendant the various definitions of manslaughter and explained the possible sentencing exposure as follows:
The penalties are these, Mr. Delcambre. Whoever commits the crime of manslaughter *298 shall be imprisoned at hard labor for not more than 21 years. Now, I am the man who decides the penalty. Do you understand that? I could give you a suspended sentence or I could put you in at the State Penitentiary for 21 years. (Emphasis provided)
However, at the sentencing, two and one-half months later, the judge stated:
Article 893.1 of the Code of Criminal Procedure provides that where the Court makes a finding that a firearm was used in the commission of a felony, which is the case here, that I have to impose a sentence of at least five years, and the imposition or execution of sentence shall not be suspended, and the offender shall not be eligible for probation or parole. (Emphasis provided)
Thus, notwithstanding that Delcambre no doubt knew of the use of a firearm in the commission of this felony, he was positively not alerted to the impending application of art. 893.1 until sentencing. Indeed, he was misinformed about his sentence exposure in the colloquy which preceded entry of his guilty plea. Having pled guilty to charges of manslaughter and fourth offense DWI, and having been informed by the judge of the range of possible penalties for those offenses alone, he found himself sentenced to ten years for the fourth offense DWI and fifteen years for manslaughter, to be served concurrently. However, under the dictates of art. 893.1, an enhancement statute not mentioned during the colloquy and perhaps impliedly found not applicable when the judge asserted his ability to suspend the manslaughter penalty, the entire sentence was additionally limited by a restriction on parole, probation, and suspension of sentence. This limitation on the penalty for the underlying offense is not consistent with the prior actions of the district attorney or the trial judge and surely came as a surprise to Rickey Delcambre. The prejudice to the defendant is clear.
His complaint here on appeal is not a post-conviction application in which he is seeking to withdraw his guilty plea as unknowing and unintelligent. Otherwise, we would no doubt be entitled to have the plea invalidated and put the state and defendant back in a pre-plea posture. On the contrary, the plea was conscientious, induced in part by assurances that the maximum penalty was as provided in the underlying felony statute and without advice, indeed misadvice, about the potential for limitations regarding probation, parole, or suspension of sentence. Further, considering that pre-trial notice of the forthcoming application of art. 893.1 was a sufficiently meritorious concern to prompt the prospective rule which we announce today in State v. Jackson,[9] 480 So.2d 263 (La.1985), it is our determination that the required judicial resolution here is to nullify the art. 893.1 enhancement. Otherwise, we would impose enhancement on this unwary defendant, who had been misadvised relative to sentencing exposure that he was not facing a minimum sentence or one subject to being without benefit of probation, parole, or suspension of sentence.
Accordingly, we determine that La.Code Crim.Pro. art. 893.1 enhancement is not legal in this case.
Defendant's assignments are therefore meritorious. Neither La.Rev.Stat. § 14:95.2 nor La.Code Crim.Pro. art. 893.1 were properly applied in the sentencing of this defendant.

Decree
For the foregoing reasons, defendant's conviction is affirmed, but his sentence is vacated and the case remanded to the trial court for resentencing in accordance with law.
CONVICTION AFFIRMED; REMANDED TO DISTRICT COURT FOR RE-SENTENCING.
*299 DENNIS, J., concurs.
WATSON, J., concurs in the result because judge misled defendant at time of the guilty plea and the Court of Appeal improperly added two years to the sentence.
NOTES
[1] The others are State v. Jackson, 480 So.2d 263; State v. Harris, 480 So.2d 281; State v. Hogan, 480 So.2d 288 (La. 1985); State v. Barberousse, 480 So.2d 273; State v. Street, 480 So.2d 309; State v. Blache, 480 So.2d 304; and State v. Kennedy, 480 So.2d 299.
[2] § 95.2. Additional penalties for possession of a firearm or explosive device in the commission of certain crimes

A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison terms provided under the provisions of this Section, shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.
[3] Art. 893.1. Use of firearm in commission of a felony; sentencing

When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(1) The maximum sentence provided by law, in the same manner as provided in the offense, if the maximum sentence is less than five years, or
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.
[4] On July 2, 1983, the defendant and two other men, including the victim, spent the afternoon drinking. The victim, Robert Leleux, was driving Delcambre's car, since the defendant's drivers license had been revoked after a fourth DWI on June 2, 1983. Delcambre had a shotgun in the car, and either as a result of some threatening behavior after a verbal altercation, or horseplay, the gun discharged killing Leleux instantly.
[5] As part of the guilty plea, Delcambre was informed by the judge of the 16th Judicial District Court of the constitutional rights forfeited by his decision not to stand trial. The possible penalties were also discussed at this time. For the crime of manslaughter, Delcambre was told that he could be imprisoned at hard labor for not more than 21 years. The judge told defendant the the judge would decide the penalty, which could range from a suspended sentence to 21 years.
[6] La.Rev.Stat.Ann. § 14:98(E).
[7] The Court of Appeal imposed the additional penalty under § 14:95.2 in an effort to correct "an illegally lenient sentence." This action was improper on several counts. First, our Coleman decision made clear that a district attorney's election to waive enhancement for firearm use does not invalidate either an indictment, verdict, or sentence. Additionally, we have determined that "when a defendant alone appeals and the record contains a patent error favorable to the defendant, the appellate court should ignore the error, unless the prosecution, having properly raised the issue in the trial court, has sought appellate review." State v. (Eli) Jackson, 452 So.2d 682, 684 (La. 1984). Otherwise, a modification by the appellate court which results in a harsher sentence may be perceived by defendants in criminal cases as retaliatory and "may produce a `chilling effect' on the exercise of the right to appeal." Id. at 683.
[8] For the manslaughter offense, the defendant was sentenced to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence. In sentencing, the judge asserted that the restriction on parole, probation, and suspension was in accordance with the dictates of art. 893.1. Although we need not reach the issue in this case, we note that it has not yet been determined by this Court whether the restrictions on parole, probation, and suspension are applicable to the minimums imposed by art. 893.1, or to the entire sentence imposed for the underlying felony. That issue was pretermitted in State v. Jackson, 480 So.2d 263 (La.1985), decided this day.
[9] In Jackson, we held that henceforth, "[a]n accused is entitled to know in advance of trial by receipt of a written notice from the prosecutor that the state intends to invoke art. 893.1 by calling on the trial judge prior to sentencing to make a finding that a firearm was used in the commission of the charged felony." State v. Jackson, 480 So.2d at 271.