480 So.2d 288 (1985)
STATE of Louisiana
v.
Patrick HOGAN.
No. 84-K-1847.
Supreme Court of Louisiana.
December 2, 1985.
*289 Donald Minor, Richard Hiller, Timothy R. Fischer, Indigent Defender Board, Shreveport, for defendant-applicant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Paul Carmouche, Dist. Atty., Scott J. Crichton, Catherine Estopinal, Asst. Dist. Attys., for plaintiff-respondent.
CALOGERO, Justice.
Were the firearm use enhancement statutes, La.Rev.Stat. § 14:95.2 and La.Code Crim.Pro. art. 893.1, properly applied in this case? The identical question was posed in State v. Harris, 480 So.2d 281 (La. 1985), decided this day.[1]
Defendant was charged by bill of information with attempted second degree murder in the shooting of one Gary Simon. Simon was left a paraplegic by the incident which took place on October 16, 1982. A jury convicted the defendant of the lesser included offense of aggravated battery under La.Rev.Stat. § 14:34, and the trial judge found it necessary to impose a prison *290 term totalling seven years without benefit of parole, probation or suspension of sentence. He concluded that the firearm enhancement "statutes ... are self-operative and require the imposition of the penalty set forth therein," five years under art. 893.1 and two years under § 14:95.2, and each segment of the sentence to be served without benefit of parole, probation or suspension of sentence.[2] The sentence was imposed, (and perhaps properly so in light of the physical harm to the victim) despite the court's recitation of mitigating circumstances, which included victim provocation, hardship to the defendant's family, the defendant's minor criminal record, his good and stable work record, and his reputation for general good character within the community.
Defendant's only assignment of error relates to his sentence. For reasons which follow we find his complaint in part valid.
Facts
The incident, which resulted in the charge against defendant, originated in a dice game between the victim, Gary Simon, and R.L. Smith. The victim denied defendant the opportunity to join the game, and, in fact, demanded that the defendant leave the premises altogether because the defendant was jinxing him. An argument ensued, and the defendant retrieved a .22 caliber rifle from a concealed location nearby. He shot the victim twice in the back, resulting in permanent paralysis from the chest down. The defendant, as well as the other participant in the dice game, testified that the shooting was justified because there was reason to believe that Simon was armed and posed a threat to the defendant. The victim, on the other hand, claimed that he had attempted to surrender but that the defendant had fired anyway.
We perceive from defendant's brief, and the implicit arguments therein, the following pertinent questions in defendant's attack on the legality of his sentence:
(1) Is the sentence illegal because in violation of La.Const. art. I § 20 (1921)'s prohibition against cruel, excessive, or unusual punishment? Does the automatic application of § 14:95.2 and art. 893.1 impermissibly limit the sentencing guidelines requirement of art. 894.1?
(2) Is defendant entitled to notice pre-trial that the state or the trial court intends to invoke the mandatory penalty provision of § 14:95.2 and/or art. 893.1?
(3) Is the imposition of both La.Rev.Stat. § 14:95.2 and La.Code Crim.Pro. art. 893.1, or either, statutorily impermissible?
Each of the foregoing questions has been addressed in one of the seven companion cases, State v. Harris, 480 So.2d 281 (La. 1985), decided this day. Those same answers are applicable here. For convenience, we adapt the Harris opinion pertinently to this case.
Cruel, Unusual and Excessive Punishment.
Defendant contends that the imposition of § 14:95.2 and art. 893.1 imposes cruel, unusual, and excessive punishment. Further, he complains that their automatic application forecloses adequate consideration of the sentencing guidelines of La. Code Crim.Pro. art. 894.1, which assist the judge in tailoring the sentence to the defendant. Our discussion of constitutionally excessive penalties in State v. Barberousse, 480 So.2d 273, 280 (La.1985), rendered this day, is applicable here.
"Art. 893.1 is a general sentencing enhancement statute applicable when a firearm is used in the commission of a felony. [§ 14:95.2 statutorily enhances the conviction of ten specified felonies by providing an additional two year penalty when a firearm has been used. Neither is] per se constitutionally infirm, either standing alone, or as applied to this gun use ... offender. Art. 893.1 [and § 14:95.2] further the legitimate legislative end of restricting the abuse of firearms *291 by enhancing the penalties of those who use weapons to commit crimes.
"Nonetheless, we have held that imposition of a given sentence may violate a defendant's constitutional right against excessive punishment, even though that sentence is within the statutory limit, and that this Court may review a defendant's sentence for excessiveness on appeal. State v. Sepulvado, 367 So.2d 762 (La.1979); State v. Williams, 448 So.2d 659 (La.1984).
"Generally we have held that a sentence is excessive and unconstitutional if it is grossly out of proportion to the severity of the crime, in light of the harm caused to society. An unconstitutionally excessive sentence is one that shocks our sense of justice and is nothing more than the purposeless and needless imposition of pain and suffering. State v. Goode, 380 So.2d 1361 (La.1980); State v. Bonanno, 384 So.2d 355 (La.1980).
"Mandatory sentences generally fall within the Legislature's prerogative to determine the length of the sentence imposed for crimes classified as felonies. State v. Prestridge, 399 So.2d 564, 582 (La.1981). On the other hand, the constitutional proscription against cruel and unusual punishment will override a legislatively imposed mandatory minimum sentence if, as applied to a given defendant for a given crime the punishment is constitutionally excessive. That is not the case here."
The trial judge did consider mitigating factors in Hogan's case. He noted that imprisonment would pose a hardship on defendant's family; that defendant had a good and stable work record and was highly thought of by his employer; that defendant had a minor criminal record, and that there was victim provocation. No doubt recognition of these factors persuaded the judge not to impose the ten year maximum for aggravated battery. Nevertheless, the judge made a finding based on the record of the defendant's trial, that a firearm was used in this aggravated battery and that "the victim was grievously injured as a result of the defendant's conduct." In fact, the victim has been paralyzed from the chest down as the result of an argument over a dice game. It is no doubt this type of senseless maiming as a result of firearm use that prompted passage of statutes like § 14:95.2 and art. 893.1. The penalty is not constitutionally excessive.[3]
Notice
Our treatment of this assignment of error is controlled by our decision in State v. Jackson, 480 So.2d 263 (La.1985), also rendered this day. In that opinion, we decided that La.Rev.Stat. § 14:95.2, which provides an independent or supplemental penalty for use of a gun attending commission of ten specified felonies, is "sufficiently an accusation as to require that the accused `be informed of the nature and cause' thereof." Accordingly, to afford the defendant fair notice, La.Rev.Stat. § 14:95.2 must be included in a bill of information or indictment.
Conversely, we decided in State v. Jackson that art. 893.1, as a constitutional matter, need not be charged in a bill of information or indictment to trigger that article's enhancement provision. We reasoned that art. 893.1 does not define a crime and does not prescribe an independent penalty. Rather, it is solely a sentencing provision, which limits the judge's sentencing discretion when felonies (those where suspension of sentence is not otherwise prohibited) are committed with a firearm. It provides a minimum sentence and restrictions thereon within the penalty framework of the statutory crime committed. Nevertheless, procedural concerns in the utilization of art. 893.1 led us to devise a requirement of written, pre-trial notice, a requirement that prospectively at least would facilitate a more certain and fair administration of the criminal procedural *292 laws. Although we concluded that our notice requirement with regard to art. 893.1 would be prospective in application only, we recognized that the absence of actual knowledge of either evidence of firearm use or of the impending application of art. 893.1 might, in some instances preceding rendition of our Jackson opinion, warrant nullification of a sentence imposed under the provisions of art. 893.1.
In this case, there was no mention of La.Rev.Stat. § 14:95.2 or firearm use in the bill of information. The defendant was simply charged with "attempt[ing] to commit second degree murder upon Gary Simon," in violation of La.Rev.Stat. §§ 14:27 and 14:30.1. According to Jackson, therefore, the penalty imposed under § 14:95.2 is impermissible.
Although this defendant, Hogan, also received no notice of the impending application of the art. 893.1 restrictions on the trial judge's sentencing discretion, he was not entitled to pre-trial notice of the application of art. 893.1 in this case where his trial preceded the rendition of our opinion in Jackson. The prospective rule devised in Jackson affords this defendant no relief unless he can demonstrate some particular prejudice from the lack of notice. He had pre-trial knowledge of the state's intent to prove firearm use, for among other things, in a supplementary response to the defendant's motion for discovery, the state informed him of its intent to admit the defendant's .22 caliber rifle into evidence. And there is simply no evidence of prejudice to this defendant from the absence of pre-trial written notice informing him of the state's intent to invoke the provisions of art. 893.1.
In Tandem Application of § 14:95.2 and art. 893.1
Having determined that the lack of notice of impending application of art. 893.1 in this case does not require our nullification of the enhancement of defendant's sentence, we must now address an even more fundamental question concerning the application of the art. 893.1 enhancement to the penalty here. And that is whether art. 893.1 is applicable at all to the crime of aggravated battery (of which defendant was convicted) in light of the fact that § 14:95.2 specifically imposes a sentence enhancement for gun use in the commission of ten specified felonies, including aggravated battery. For reasons hereinafter expressed, we determine that the use of art. 893.1 in such case is proper.
To begin our statutory interpretation of the firearm enhancement provisions, a brief history of their adoption is fitting. In response to public concern over the unlawful use of firearms, the Legislature determined to enhance penalties for the convictions of felonies involving gun use. Their initial effort resulted in the enactment in 1977 of La.Rev.Stat. § 14:95.2, which provided an additional two year penalty for use of a firearm in committing or attempting to commit the crimes of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping. La.Code Crim.Pro. art. 893.1 was passed four years later. Although art. 893.1, also imposed additional punishment as originally presented to the Legislature,[4] it was amended simply to provide a limitation on the sentencing discretion of the judge who makes a finding that a firearm was used in the commission of a felony (one which does not otherwise prohibit suspension of sentence). That limitation on sentencing discretion requires that, as relates to the underlying felony and the sentence already provided therefor, the judge will be required to impose a minimum sentence. For a felony, like manslaughter, which authorizes a maximum penalty of twenty-one years or more, the minimum is five years.
*293 The two statutes are complementary, not parallel. § 14:95.2 is essentially a crime/penalty statute; art. 893.1 merely limits sentencing discretion of the trial judge. § 14:95.2 imposes a two year sentence in addition to the penalty provided for the particular ten felonies; art. 893.1 establishes a mandatory minimum sentence within the already established statutory range for any felony. It does not increase the maximum sentence already provided for the commission of the particular offense. Absent sound legal reasons, or contrary expression of intent by the Legislature, the two provisions are logically compatible and seem to be applicable simultaneously.
However, the argument has been raised that art. 893.1 does not apply where the gun use felony is one of the ten specific felonies listed in § 14:95.2, and for which there is independently provided a two year supplemental penalty. A basis for this position, advocated by the dissent in State v. Hogan, 454 So.2d 1235, 1237-38 (La.App. 2d Cir.1984), is that art. 893.1 is applicable to felonies only when suspension of sentence is not otherwise prohibited for such felonies, and that suspension of sentence is prohibited for the ten specified felonies in § 14:95.2 when the commission thereof is attended by use of a firearm. § 14:95.2, of course, provides a two year additional term of imprisonment without benefit of parole, probation, or suspension of sentence, or credit for good time. Contrary to the assumption supporting this argument, it is the underlying offense and its statutory penalty to which art. 893.1 applies when it imposes the minimum sentence, and it is the underlying offense and its penalty provision to which reference is made by the language of art. 893.1, "when suspension of sentence is not otherwise prohibited." § 14:95.2's prohibition against suspension of sentence is by the terms of the statute applicable only to the additional two year term of imprisonment, not to the penalty statutorily prescribed for the underlying offense. Thus it cannot be said that for each of the ten crimes specified therein, § 14:95.2 already prohibits parole, probation, or suspension of sentence.
Another argument in support of the proposition that there should be no in tandem application of § 14:95.2 and art. 893.1 is based on a provision of § 14:95.2 which reads:
The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title.... (emphasis provided)
According to this argument, since art. 893.1 is not within Title 14, its application would preclude the application of § 14:95.2, which recites that "the penalty provided herein shall [only] be in addition to any other penalty imposed under the provisions of this Title." The theory, however, is flawed in several respects. Certainly, the Legislature in 1977 could not have intended to negate dual application of § 14:95.2 and art. 893.1, when art. 893.1 had not yet been enacted. The pertinent question, rather, is "what was the legislative intent in 1981 when art. 893.1 was enacted," a question we will address in the next paragraph of this opinion.
By the enactment of art. 893.1, the Legislature created a limitation on the trial judge's sentencing discretion, a limitation applicable to crimes described within Title 14, including the ten felonies for which § 14:95.2 imposes an additional penalty. Common sense dictates our conclusion that the Legislature intended that art. 893.1's limitation on sentencing discretion should be applicable to all gun use felonies, including the more serious crimes enumerated in § 14:95.2. The effect of the minimum sentence (five years for a gun use aggravated battery, for instance) without probation, parole or suspension of sentence, can in some instances more seriously affect the sentence of a convicted defendant than simply two years without benefit of probation, parole, or suspension of sentence in addition to a given sentence within a statutory range which is subject to parole, probation, or suspension of sentence. Thus, it is illogical to assume that the Legislature would have intended that those convicted of the *294 serious felonies would escape the serious consequences attending the application of art. 893.1. On the other hand, it is entirely consistent that the Legislature, aware of the existence of § 14:95.2 and its supplemental two year penalty for ten specified crimes, determined that there should be a restriction on the trial judge's sentencing discretion for all felonies, including those ten serious crimes enumerated in § 14:95.2. To embrace the contrary position would require us to conclude that the Legislature intended that art. 893.1 should be applicable to only a negligible number of crimes, such as negligent homicide or false imprisonment. It is indeed unlikely that the enactment of art. 893.1 was designed to punish more severely those who commit negligent homicide than perpetrators of second degree murder, manslaughter, aggravated battery, etc.
In summary, therefore, we find that the penalty enhancements of art. 893.1 and § 14:95.2 are not constitutionally infirm as cruel, unusual and excessive punishment; that the existence of some mitigating factors in this case does not forbid the application of this expression of the legislative prerogative in sentencing; that the two year penalty imposed in this case under § 14:95.2 is illegal; that art. 893.1 is applicable to all felonies, including those specially enumerated in § 14:95.2 and that therefore art. 893.1 enhancement in this case is valid.

Decree
Accordingly, defendant's conviction is affirmed; his sentence is reversed and the case remanded for resentencing in accordance with the views expressed herein.
CONVICTION AFFIRMED; SENTENCE REVERSED; CASE REMANDED.
DENNIS, J., concurs.
WATSON, J., dissents as to requiring notice.
NOTES
[1] This Hogan case is one of eight in which writs were granted simultaneously, arguments presented together and opinions rendered today wherein many related questions concerning La. Rev.Stat. § 14:95 and La.Code Crim.Pro. art. 893.1 are being answered. In addition to Hogan and Harris, the other consolidated cases include State v. Jackson, 480 So.2d 263; State v. Barberousse, 480 So.2d 273; State v. Kennedy, 480 So.2d 299; State v. Street, 480 So.2d 309; State v. Blache, 480 So.2d 304; and State v. Delcambre, 480 So.2d 294.
[2] The two years was also without benefit for credit for good time as required by La.Rev.Stat. § 14:95.2.
[3] Since we find in this opinion that the penalty imposed under La.Rev.Stat. § 14:95.2 is impermissible, the defendant's sentence, although not constitutionally excessive, will be reduced to five years.
[4] Senate Bill No. 724, as originally drafted by Senator Hudson, was introduced in the Senate on May 4, 1981.