PER CURIAM.
Defendant, Cain Dixon, pled guilty to attempted manslaughter in violation of LSA-R.S. 14:27, 14:31. He appeals his sentence of 10½ years at hard labor without benefit of probation, parole or suspension of sentence, asserting four assignments of error. For reasons stated herein, we affirm defendant’s conviction, vacate his sentence and remand the case for resentenc-ing.
FACTS
The underlying facts in this case are undisputed. On October 29, 1982, at approximately 7:07 a.m., the defendant Cain Dixon approached Miss Anna Delores Fowler in front of the Town Oaks Nursing Home in Ruston, Louisiana, where Miss Fowler worked. Armed with a Taurus .38 caliber revolver, the defendant called out Miss Fowler’s name. When she turned around to see who called, the defendant yelled, “I told you I was going to kill you,” and began firing. The defendant fired several shots which struck Fowler in the chest, abdomen and right arm. Surprisingly, she survived. The defendant was later picked up by the police approximately ⅝ mile from the scene.
Defendant was originally charged with attempted first degree murder. The state later orally amended the bill of information to attempted second degree murder. In exchange for the state accepting a plea to the lesser charge of attempted manslaughter, the defendant pled guilty. Before accepting defendant's plea of guilty, the trial judge went through an extensive Boykini-zation of the defendant. The trial judge explained to the defendant the elements of the offense with which he was charged and the elements of the offense to which he ultimately pled guilty. The trial court also informed the defendant several times that the maximum sentence he could receive by pleading guilty to attempted manslaughter was 10⅛ years at hard labor. However, *167 the trial judge did not inform the defendant of the potential for enhanced punishment for use of a firearm during the commission of the crime pursuant to LSA-C.Cr.P. art. 893.1. On appeal, we find merit in defendant’s first and third assignments of error and, therefore, pretermit consideration of the remaining assignments.
DISCUSSION
In his first assignment of error defendant complains that the trial court erred in failing to fully apprise him of the sentencing consequences of his plea. In assignment of error number three, defendant complains of excessiveness of sentence.
Defendant does not specifically assign the lack of LSA-C.Cr.P. art. 893.1 notice as error. The trial court, however, utilized 893.1 (firearm use during the commission of a felony) to enhance defendant’s sentence from 10½ years at hard labor to IOV2 years at hard labor without benefit of probation, parole or suspension of sentence. We hold, therefore, that defendant’s general complaints in assignment one, his complaint of excessiveness in assignment three, and his reference to lack of 893.1notice in the conclusion of his brief fairly encompasses this issue. Accordingly, we are constrained to treat this appeal as if defendant had assigned the lack of 893.1notice as error. State v. Delcambre, 480 So.2d 294 (La.1985).
While this case was pending on appeal, the Louisiana Supreme Court handed down several decisions dealing with the specific issue of whether notice must be given to an accused before application of either of the two Louisiana firearm use penalty enhancement statutes can be applied. LSA-C.Cr.P. art. 893.1, LSA-R.S. 14:95.2. These cases are State v. Jackson, 480 So.2d 263 (La.1985); State v. Hogan, 468 So.2d 565 (La.1985); State v. Harris, 480 So.2d 281 (La.1985); State v. Delcambre, supra; State v. Kennedy, 480 So.2d 299 (La.1985); State v. Barberousse, 480 So.2d 273 (La.1985); and State v. Street, 480 So.2d 309 (La.1985). In the lead case of State v. Jackson, the Louisiana Supreme Court adopted mandatory notice requirements for the use of either firearm enhancement statute. In order to apply LSA-R.S. 14:95.2, the Supreme Court held the state must first have charged the defendant in the bill of information or indictment with violation of R.S. 14:95.2 or with firearm use. State v. Jackson, supra at 268; and State v. Delcambre, supra at 295. On the other hand, in order to apply LSA-C.Cr.P. art. 893.1, the state need only give the defendant pre-trial written notice of its intended application. State v. Jackson, supra at 270, 271.
For constitutional reasons explained at length in Jackson, the notice requirement for application of R.S. 14:95.2 was given a limited retroactive effect, so as to apply to all cases still subject to direct review by the Louisiana Supreme Court (i.e., all cases still on appellate review). State v. Jackson, supra at 268. However, the notice requirement for application of article 893.1 was given only a prospective application unless particular prejudice can be shown to the defendant. State v. Del-cambre, supra at 296.
Since the instant guilty plea was entered before the rendition of State v. Jackson, we must determine whether the lack of 893.1notice prejudiced this defendant. In determining whether the defendant has been prejudiced the following cases are insightful. In State v. Jackson, supra, the defendant virtually pled guilty to the charge of manslaughter by stipulating to evidence produced at the preliminary examination. The defendant was not informed of the impending application of 893.1 and was ultimately sentenced to 15 years without benefit of probation, parole or suspension of sentence. In nullifying utilization of article 893.1 enhancement of defendant’s sentence, the court reasoned that while defendant knew that the state’s case rested upon firearm usage, he was not notified of the state’s or judge’s intention to utilize article 893.1. Had the defendant known of the forthcoming application of 893.1 he may well have changed his defense strategy. Regarding guilty pleas the court stated:
*168 And when a defendant chooses to plead guilty, should he not in advance be alerted that 893.1 is going to be invoked?
In State v. Delcambre, supra, the court again nullified an 893.1 enhancement of a defendant’s sentence. In reading the definition of the charge of manslaughter and in explaining possible sentencing exposure, the trial judge told the defendant, “I could give you a suspended sentence or I could put you in at the state penitentiary for 21 years.” However, at sentencing, the trial judge found 893.1 applicable and Delcam-bre ineligible for probation, parole, or suspension of sentence. Notwithstanding the fact that the defendant no doubt knew he used a firearm in the commission of the crime, the court held that he had been clearly prejudiced by the failure of the trial court to positively alert him of the impending application of article 893.1 until sentencing and by the trial court’s erroneous information concerning suspension of sentence. State v. Delcambre, supra, at 298.
On the other hand, in State v. Kennedy, supra, the Supreme Court found a defendant who pled guilty to aggravated battery was not prejudiced by the lack of 893.1 notice where there was evidence in the record to show that the defendant actually knew of the article’s impending application. Specifically, the court noted that a handwritten memo by the district attorney concerning the proposed plea bargain contained an express reference to article 893.1 and further that the defendant’s own attorney filed a motion to quash any application of article 893.1. Thus, from the facts contained in the record it was clear that the defendant or his attorney knew of the potential application of article 893.1.
Implicit in each of these decisions is the requirement that a defendant who pled guilty prior to Jackson and its progeny must have been either “positively alerted” or “actually aware” of the impending application of article 893.1 before his sentence may be enhanced thereby.
In the instant case, the trial judge informed the defendant several times that the maximum sentence for attempted manslaughter was IOV2 years. However, the judge did not advise defendant of the potential application of article 893.1 prohibiting probation, parole or suspension of sentence. Moreover, there is no evidence in the record to indicate that defendant was actually aware of the impending application of article 893.1. The instant case is anala-gous to State v. Delcambre, supra. While the judge in the instant case may not have overtly misinformed the defendant, he did fail to “positively alert” the defendant of the impending application of article 893.1. By this omission, the trial judge likely misled the defendant into believing that his maximum sentence exposure was IOV2 years with benefit of parole, probation or suspension of sentence. As in Delcambre and Jackson, supra, and as stated in Kennedy, supra, the mere fact that the defendant knew firearm usage was a part of the state’s case is insufficient to charge him with knowledge of the impending application of article 893.1. In the absence of any evidence that the defendant was “positively alerted” or “actually knew” of 893.1's impending application, we are constrained by the foregoing decisions to find that defendant has shown prejudice. However, this does not mean that defendant is entitled to have his guilty plea set aside as contended in brief. As noted by the Supreme Court in Delcambre, supra, the lack of advice about the impending application of a sentence enhancement provision does not necessarily render a plea invalid. Delcambre, supra, at 298, 299. Here, as in Delcambre, the plea was conscientious, but induced in part by the assurance that the maximum penalty was as explained by the trial judge pursuant to the underlying felony statutes and without advice about the potential for limitations regarding probation, parole or suspension of sentence. Thus, the proper disposition here is to prohibit the application of the enhancement provision. Accordingly, we find that LSA-C.Cr.P. art. 893.1 enhancement is not legal in this case. ’
For the foregoing reasons defendant’s conviction is affirmed, but his sentence is *169 vacated and the case remanded for resen-tencing in accordance with law.
CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.