GUIDRY, Judge.
Defendant, Harold Horn, was charged on February 27, 1984, by bill of information with the attempted second degree murder of one Swanson Coleman, in violation of La.R.S. 14:27 and 30.1.
On December 5, 1984, the State amended the charge to aggravated battery, to which amended charge the defendant entered a plea of guilty. The defendant was also found to have used a firearm in the commission of the offense. The record discloses that the defendant was properly Boykinized. The defendant was thereafter sentenced, pursuant to the provisions of La.C.Cr.P. art. 893.1, to serve five (5) years at hard labor without benefit of parole, probation or suspension of sentence and an additional term of two years without benefit of parole, probation, suspension of sentence or credit for good time, pursuant to La.R.S. 14:95.2, for a total of seven (7) years.
Defendant appealed designating the following assignments of error:
“1.
That the Honorable Trial Court erred in not finding L.S.A. 14:95.2 an unconstitutional violation of double jeopardy, which imposes double punishment for a single offense.
2.
That the Honorable Trial Court erred in applying L.S.A. Code of Criminal Procedure Article 893.1, along with Article 95.2 in that same is an unconstitutional violation of double jeopardy by virtue of the fact that it imposes multiple punishment for the same offense when read along with R.S. 14:95.2 and the basic offense.
3.
That the Honorable Trial Court erred in imposing sentencing provisions of L.S.A.
*326 Code of Criminal Procedure Article 893.1 and R.S. 14:95.2, along with the statutes comprising the basic offense to one single course of conduct. Since those statutes constitute an unlawful and unconstitutional violation of equal protection of the laws, by virtue of the fact that persons who commit offenses with firearms are treated more harshly than those whose' offenses are committed with other dangerous and deadly weapons, without regards to the fact that the harm in all such offenses is severe.”
ERROR PATENT
For reasons not prompted by defendant’s assignments of error, we find that the additional two-year penalty imposed by the trial court, pursuant to La. R.S. 14:95.2, is illegal. Pursuant to La.C. Cr.P. art. 920 an error that is discoverable by mere inspection of the pleadings and proceedings is within the scope of appellate review. Furthermore, La.C.Cr.P. art. 882 provides that an illegal sentence may be corrected at any time by the court that imposed the sentence or by an appellate court on review.
In State v. Jackson, 480 So.2d 263 (La.1985), recently decided by our Supreme Court, it was held that La.R.S. 14:95.2 may not be used to enhance a defendant’s sentence unless he has been charged in the bill of information or indictment with firearm use, or with violating La.R.S. 14:95.2. The court further mandated limited retroactive application of its ruling requiring application to all convictions which have not become final upon first appellate review. This is such a case.
The record discloses that the indictment neither charged the defendant with firearm use nor with a violation of La.R.S. 14:95.2, and the imposition of the additional two year sentence was therefore illegal. In Jackson, supra, the court further held that the application of La.C.Cr.P. art. 893.1 which mandates a minimum sentence and negates parole, probation or suspension of sentence when the court finds that a firearm was used in the commission of a felony, simply requires written notice by the prosecution prior to trial of its intent to have the article applied. There was no such notice in this case, however, this ruling in Jackson, supra, is to be given prospective application only unless particular prejudice can be shown by the defendant. In this case, no such prejudice is shown. To the contrary, the record supports the finding that the defendant was fully aware, prior to acceptance of his guilty plea, that the trial court intended to invoke the provisions of La.C.Cr.P. art. 893.1. The record reflects the following pertinent colloquy between the court and the defendant prior to acceptance of the latter’s guilty plea:
“Q. Do you understand that the maximum penalty for that crime is imprisonment with or without hard labor for not more than ten years and a fine of up to five thousand ($5000.00) dollars, or both? A. Yes sir.
Q. And further, there is a minimum sentence of five years without benefit of probation, parole or suspension of sentence if a firearm was used in the commission of this offense. Do you understand?
A. Yes sir.”
The circumstance that the defendant in the instant case was fully aware, prior to acceptance of his guilty plea, that the trial court intended to invoke the provisions of La.C.Cr.P. art. 893.1 clearly distinguishes this matter from State v. Delcambre, 480 So.2d 294 (La.1985), and State v. Jackson, supra. See State v. Barberousse, 480 So.2d 273 (La.1985).
ASSIGNMENTS OF ERROR NOS. 1 AND 2
In these assignments of error, the defendant argues that the application of La. R.S. 14:95.2 is violative of the Constitutional guarantee against double jeopardy and that the application of La.R.S. 14:95.2 and C.Cr.P. art. 893.1 in tandem is violative of double jeopardy. Since we find that La. *327 R.S. 14:95.2 cannot be applied in this case, these assignments are moot.[2]
ASSIGNMENT OF ERROR NO. 3
The defendant also assigns as error the application of the above discussed enhancement provisions contending that these statutes constitute an unlawful and unconstitutional violation of equal protection, by virtue of the fact that persons who commit offenses with firearms are treated more harshly than those whose offenses are committed with other dangerous and deadly weapons.
This assignment of error, not having been briefed, is considered abandoned. State v. Dewey, 408 So.2d 1255 (La.1982). In any event, the Louisiana Supreme Court has recently settled this issue holding that armed criminals do not constitute a “protected class of persons” and further that this law was specifically tailored to alleviate the problem of gun wielding felons and is clearly rationally related to a valid governmental objective. State v. Barberousse, 480 So.2d 273 (La.1985). Accordingly, this assignment of error is without merit.
For the foregoing reasons, defendant’s conviction is affirmed, but his sentence is vacated and the case remanded to the trial court for resentencing in accordance with the law and the views above expressed.
CONVICTION AFFIRMED, REMANDED FOR RESENTENCING.

. The in tandem application of La.C.Cr.P. art. 893.1 and La.R.S. 14:95.2 was considered by our Supreme Court in State v. Harris, 480 So.2d 281 (La.1985).