BARRY, Judge.
Defendant was convicted of manslaughter and sentenced to twenty-one years at hard labor, La.R.S. 14:31, to be served without benefit of parole, probation or suspension of sentence, C.Cr.P. Art. 893.1.[1] Two additional years were added to be served consecutively under R.S. 14:95.2.[2]
*550 The defendant was indicted for first degree murder and the trial ended with a hung jury. The state amended the charge to second degree murder and manslaughter was returned.
Defendant’s only assignment contends the trial judge erred in sentencing him under both C.Cr.P. Art. 893.1 and R.S. 14:95.-2, thereby rendering the enhanced sentence illegal and excessive. He argues that R.S. 14:95.2 is the only statute applicable to manslaughter which is one of ten enumerated felonies. Defendant points out the maximum sentence under R.S. 14:31 is twenty-one years at hard labor with benefit of parole or probation. He asserts the judge was mandated by R.S. 14:95.2 to sentence him to an additional two years without benefit of parole or probation as to that sentence only. He argues the enhanced sentence should be served first and the twenty-one year sentence should follow with benefit of parole or probation.
In State v. Hogan, 480 So.2d 288 (La.1985), the court queried whether C.Cr.P. Art. 893.1 is applicable to a crime enumerated in R.S. 14:95.2 considering that R.S. 14:95.2 specifically imposes a sentence enhancement for firearm use as to ten specified felonies. R.S. 14:95.2 is essentially a crime/penalty statute imposing an additional sentence for the enumerated felonies. C.Cr.P. Art. 893.1 limits sentencing discretion by establishing a mandatory minimum within the already established statutory range for felonies subject to suspension, and directs that the sentence be without parole, probation or suspension. Since C.Cr.P. Art. 893.1 does not increase the maximum sentence the two provisions are compatible and simultaneously applicable.
According to State v. Jackson, 480 So.2d 263 (La.1985), R.S. 14:95.2 is “sufficiently an accusation as to require that the accused ‘be informed of the nature and cause’ thereof.” Therefore, to afford fair notice to the defendant, the state’s intent to invoke R.S. 14:95.2 must be included in the bill of information or indictment. Jackson gave this ruling a limited retroactive application, i.e. to all convictions which have not become final upon first appellate review. Since the Jackson rule applies and the state did not include its intent to invoke R.S. 14:95.2 in the information or indictment, defendant may not be sentenced to the additional two years at hard labor under La.R.S. 14:95.2.
Conversely, Jackson held that C.Cr.P. Art. 893.1 need not be charged in the information or indictment since it does not define a crime or prescribe an independent penalty. However, pre-trial notice of the state’s intent to invoke C.Cr.P. Art. 893.1 is necessary, but is afforded only prospective application, unless particular prejudice can be shown.
In Hogan, supra, and State v. Harris, 480 So.2d 281 (La.1985), the court found no evidence of prejudice from the absence of written notice of the state’s intent to invoke C.Cr.P. Art. 893.1. Both defendants had been informed prior to trial of the intent to introduce a firearm and they elected to proceed to trial.
Here, defendant went to trial twice. There is no evidence that had the defendant been given pre-trial notice of the C.Cr.P. Art. 893.1 liability he would have chosen any other course. The state’s failure to provide pre-trial notice did not cause prejudice, thus C.Cr.P. Art. 893.1 is applicable.[3]
*551 Defendant’s conviction is affirmed. His sentence is reversed and the case remanded for resentencing.
CONVICTION AFFIRMED: SENTENCE REVERSED: CASE REMANDED.

. C.Cr.P. Art. 893.1 in pertinent part provides:
When the court makes a finding that a firearm was used in the commission of a felony and when suspension of sentence is not otherwise prohibited, the court shall impose a sentence which is not less than:
(2) Five years, in the same manner as provided in the offense, if the maximum sentence is five years or more.
Imposition or execution of sentence shall not be suspended and the offender shall not be eligible for probation or parole.

. R.S. 14:95.2 provides:
(A) Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, manslaughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense *550 listed in this Section, he shall serve a term of five years imprisonment.
(B) The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
(C) The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.

. It has not yet been determined whether the restrictions on parole, probation and suspension are applicable to the minimums imposed by Art. 893.1, or to the entire sentence imposed for the underlying felony. That issue was pretermitted *551 in Jackson, supra. State v. Delcambre, 480 So.2d 294, 297 n. 8 (La.1985).