CALOGERO, Justice,
dissenting.
In my opinion, this Court is not at liberty to eliminate from defendant’s ten year sentence the “without benefit” provision. From the majority opinion’s recitation of the applicable law, it appears that this result was based on the determination that the occurrence of specific prejudice mandated the retroactive application of the notice requirements for the firearm enhancement statutes (La.Rev.Stat.Ann. § 14:95.2 and La.Code Crim.Pro. art. 893.1) established in State v. Jackson, 480 So.2d 263 (La.1985).
The majority misapplies the holdings in Jackson. The requirement of § 14:95.2 inclusion in a bill of information or indictment, was given retroactive application in Jackson, but only to cases pending on first appellate review. Moore here is a post-conviction habeas applicant who derives no benefit from Jackson.
The requirement of art. 893.1 pre-trial notification by the district attorney was held to be prospective only in Jackson, yet retroactive if a given defendant was particularly prejudiced by the absence of art. 893.1 notice, such as in the instance in which a defendant pleads guilty after mis-advice that he was facing no restriction on his sentence. State v. Delcambre, 480 So.2d 294 (La.1985). Moore, in my view, can show no similar prejudice from his having pled guilty under the circumstances which prevailed here.
Given a chance to withdraw his guilty plea almost immediately upon its imposition, he persisted in that guilty plea with full knowledge of the trial judge’s intention to impose the art. 893.1 parole and/or probation restrictions on his ten year sentence. Moore thus had actual notice of the application of 893.1 to his sentence. He can hardly be found to have been prejudiced by lack of notice.
Although I believe that this defendant gets no help from Jackson or Delcambre, that is not to say that he is not entitled to some relief. This defendant persisted in his guilty plea only after the trial judge interposed the threat of an increased sentence (“I will give him more”) should a guilty verdict be returned after trial (fifty years was the maximum, and thus a possible sentence). Such a plea is not voluntary and should require that his conviction be overturned with the opportunity afforded him to plead anew before a different judge. The prejudice does not, however, relate to lack of notice of art. 893.1 and the relief afforded this defendant (simply removing the restriction on parole or probation eligibility while leaving the ten years otherwise in tact) is not appropriate.