SCHOTT, Judge.
This matter is before the court on defendant’s pro se application for post conviction relief. On September 11, 1986 he was convicted of possession of marijuana with intent to distribute (LSA-R.S. 40:966). He filed a motion for appeal when he was sentenced on September 19, 1986 and the return date was set for November 20. On October 31, 1986 he filed an application for post conviction relief which this court denied because his appeal was pending. C.Cr.P. art. 924.1. Defendant then filed a letter in the trial court expressing his intention to withdraw his appeal. On December 8, defendant appeared in the trial court, with counsel, and was questioned regarding his intent to appeal. When it became clear that defendant understood his right to appeal and the consequences which would follow should he choose to waive that right, the court ordered the appeal withdrawn.
Shortly afterwards, defendant filed another application for post conviction which was denied by the trial court on December 18. He sought relief in this court which held that he should move for an out-of-time appeal in the trial court. He did so and his request was denied. On review of this ruling, this court held, “The record reveals that on December 8,1986, the relator made an informed and intelligent waiver of his right to appeal. His present motion for an out-of-time appeal is denied.”
Defendant then filed yet another application for post-conviction relief in the trial court alleging insufficiency of evidence to support his conviction. After the trial court denied this application, on October 26, 1987 he applied for relief to this court. Defendant alleged a claim which, if established, would entitle him to relief. C.Cr.P. art 927. However, if a post conviction application alleges a claim which the petitioner raised in the trial court and inexcusably failed to pursue on appeal, the court may deny relief, C.Cr.P. art. 930.4(C), after ordering the petitioner to state the reasons for his failure. Art. 930.4(F). Thus, on December 8, 1987 this court ordered defendant to show cause why his application should not be dismissed and pursuant to C.Cr.P. art. 930.7(B) appointed counsel to assist him in preparing his statement of reasons. We now have counsel’s response.
Defendant’s sole argument is that his case is the same procedurally as the defendant’s in State v. Kennedy, 480 So.2d 299 (La.1985). That case is inapposite. There the state argued that Kennedy’s writ application should be denied because he had agreed, in return for concessions, not to appeal; and his writ application was tantamount to an appeal. Rejecting this argument the court noted that this was not an appeal to begin with and, besides, Kennedy’s action, on the day after the plea bargain was made, in filing a motion to quash the state’s application to enhance his sentence under art. 893.1, was a clear signal to the state that he intended to attack the legality of the enhancement article.
In the present case defendant took an appeal which he dismissed when he realized *478 that its pendency prevented him from pursuing post conviction relief. It has already been established that he made an informed and intelligent waiver of his right to appeal. Given an opportunity to state reasons for his failure to pursue his claims on appeal he gave none. It seems clear that defendant was willing to risk losing his appellate rights on the chance that he could subvert the appellate process by getting on the fast track of post conviction relief. This is not a good reason for his failure to pursue the appeal and his present application for post conviction relief is denied.
APPLICATION DENIED.