LANIER, Judge.
This is a criminal appeal by the State of Louisiana contending the trial court imposed an illegally lenient sentence on the defendant. La.C.Cr.P. art. 882.
FACTS
On March 11, 1985, Willie Frazier was charged in a bill of information with committing simple kidnapping of Donna M. Frazier on January 13, 1985, in violation of La.R.S. 14:45. The bill of information does not allege a violation of La.R.S. 14:95.2 or that the offense was committed with a firearm. On March 14, 1985, Frazier was arraigned and pled not guilty. On March 20, 1985, counsel for Frazier filed a motion for a bill of particulars in which he requested the State to state, among other things, under what statute or statutes was the prosecution being brought. On June 21, 1985, the State filed an amended bill of particulars responding that the prosecution was being based on La.R.S. 14:45 and 14:95.2.
A trial by jury was commenced on June 25,1985, and a jury was selected. On June 26, 1985, before the presentation of evidence commenced, counsel for Frazier advised the court that Frazier wished to change his plea to guilty. During the following Boykin proceedings, Donna Frazier was called to testify. She advised the court that she was married to Frazier, but they were legally separated. On January 13, 1985, she and Frazier were not living *158 together, and, on that date, she and her sister, Elnora Cyprian, were going shopping in Elnora’s automobile. Frazier started following them and ultimately forced Elnora’s car off of the roadway. Frazier came to the car with a gun and told Donna to get out or he would kill her. Frazier then made Donna get in his car. Frazier hit Donna when she got in the truck. Frazier then drove down a dirt road, stopped and told Donna he was going to kill her and throw her in the weeds. Donna begged for her life. Frazier then drove a little further and ordered Donna to take off her clothes. She complied. Frazier then placed the gun between Donna’s legs and again threatened to shoot her. Frazier then drove around some more and was subsequently stopped by police officers (who had been alerted by Elnora). Frazier acknowledged under oath that these facts were correct. Elnora Cyprian also testified and corroborated the portion of the incident that she observed. During the Boykin, the following exchange took place between the judge and Frazier:
Q. Mr. Frazier have you been promised anything?
A. No sir.
Q. Do you understand that nobody but the court, and I represent the court, can promise you a sentence?
A. Yes sir.
Q. Do you understand that? Only the court can sentence you and nobody else can promise you what the sentence is going to be ... understand that?
A. Yes sir.
The guilty plea was accepted and sentencing was set for September 4, 1985. No mention of La.R.S. 14:95.2 or La.C.Cr.P. art. 893.1 was made during these proceedings.
On or about July 27, 1985, Frazier was arrested and charged with simple kidnapping and second degree battery of Deborah Garret. Garret was hospitalized as a result of this incident.
Frazier appeared for sentencing on September 4, 1985. At the beginning of the proceedings, the trial judge advised the parties he learned of the new charges on the previous day. The judge then stated for the record that if Frazier pled guilty to the new charges, he would run all sentences concurrently and that the sentences would comprise of suspended eight years of penitentiary time with five years of active probation. Conditions of probation would be one year in the parish jail which would be deferred for sixty days for Frazier to be admitted to a mental hospital. Frazier would get two days jail credit for every day he spent in the hospital. Additional conditions would be confinement to the limits of his house and no association with females, except for business purposes. At this point, the State called the court’s attention to the fact a firearm was used in the commission of the offense against Donna Frazier and La.R.S. 14:95.2 and La.C. Cr.P. art. 893.1 were applicable to the sentence in that case. The court indicated that these statutes were not applicable because “[h]e hasn’t been convicted of anything with the use of firearms” and “[i]t’s [sic] got to be a conviction with the use of a firearm”. The court then suggested that the State take a writ. Frazier then entered guilty pleas to the two new charges. After a Boykin examination, the court accepted the two new pleas.
Prior to sentencing Frazier, the trial court set forth his criminal history (in addition to the three charges described above) as follows:
(1) 1968 — charges of disturbing the peace and aggravated assault by his then wife, Minnie Mae Frazier — withdrawn;
(2) 1969 — contributing to the delinquency of a juvenile — no disposition;
(3) April 12, 1970 — aggravated battery— no disposition;
(4) 1976 — aggravated battery of Janet W alker — dismissed;
(5) October 16,1976 — aggravated assault on Elizabeth Smith and battery upon Charles Alexander with a pistol — dismissed;
*159 (6) April 20, 1977 — battery on Janet Walker — charges dropped;
(7) July 1977 — battery on Kenneth Ray Walker with a dangerous weapon— charge dropped; and
(8) June 3, 1985 — aggravated kidnapping and aggravated assault of Deborah Garret — dismissed.
Frazier was sentenced to five years in the custody of the Louisiana Department of Corrections for the simple kidnapping of Donna Frazier, three years for second degree battery on Deborah Garret and five years for simple kidnapping of Deborah Garret. The three years for second degree battery of Garret were to run consecutively to the five years for simple kidnapping of Frazier. The five years for simple kidnapping of Garret were to run concurrently with the other two sentences. All three sentences were suspended, and Frazier was placed on active probation for five years with the special condition that he serve one year in the parish jail, which condition was deferred provided (1) he have no verbal, physical or written contact with a member of the opposite sex for a period of five years, except for the necessary course of business; (2) he stay confined in his home, except when he goes to work; and (3) within sixty days he must be committed to a mental institution for treatment, receiving two days credit on his parish jail time for each day spent in the mental institution. In addition, Frazier was fined $2,000. He was cast for the following costs: (1) court costs of $34.50; (2) all jury costs; (3) subpoena costs of $25 per day for each police officer called to testify; and (4) $20 per month for probation supervision. Frazier was also ordered to make restitution to Donna Frazier and Garret for all medical expenses.
On September 6, 1985, the State filed a motion to resentence Frazier in conformity with La.R.S. 14:95.2 and La.C.Cr.P. art. 893.1. This motion was denied.
This appeal by the State followed.
APPLICABILITY OF LA.R.S. 14:95.2
The State contends the sentencing requirement of La.R.S. 14:95.2 should have been imposed in the Donna Frazier kidnapping sentence because the defendant had sufficient notice of the State’s intent to use it.
In State v. Jackson, 480 So.2d 263 (La.1985), the Louisiana Supreme Court specifically held that La.R.S. 14:95.2 defines criminal activity, provides an independent or supplemental penalty and is sufficiently an accusation so that use of a firearm or the statute must be charged in the bill of information or indictment. This rule was applicable to all cases which were still subject to review at the time Jackson was decided (December 2, 1985). Neither La. R.S. 14:95.2 nor use of a firearm was pled in the bill of information herein. Pleading this statute in the bill of particulars did not cure this defect. A bill of information properly pleads an accusation when it states the “essential facts constituting the offense charged” and the “official or customary citation of the statute which the defendant is alleged to have violated.” La. C.Cr.P. art. 464. Omission of the statute from an information is not prejudicial error unless it “mislead[s] the defendant to his prejudice.” La.C.Cr.P. art. 464. Omission of the essential facts from an information is not necessarily prejudicial error because these can be given by answers to a bill of particulars. State v. Gainey, 376 So.2d 1240 (La.1979). However, failure to charge both the statute and sufficient facts to show the violation is fatal. Cf. Jackson, 480 So.2d at 268-269.
This assignment of error is without merit.
APPLICABILITY OF LA.C.CR.P. ART. 893.1
The State contends the trial court committed error by failing to apply La.C.Cr.P. art. 893.1 when Frazier was sentenced for the Donna Frazier kidnapping. The State contends it timely moved for sentencing enhancement under this statute by oral motion before sentencing and by written mo *160 tion shortly after sentencing, citing State v. Coleman, 465 So.2d 709 (La.1985). The sworn testimony of Donna Frazier, Elnora Cyprian and the defendant during the Boy-kin established that a firearm was used in the commission of the offense. Applying Article 893.1 would not prejudice Frazier because he did not have a sentencing plea bargain with the trial court.
In Jackson, the Louisiana Supreme Court held Article 893.1 was a sentencing statute (not a statute defining criminal activity as La.R.S. 14:95.2), Article 893.1 or the facts showing its violation need not be charged in an indictment or information and the statute could be applied without such charging. However, the Court instituted a procedural rule that Article 893.1 could only be applied if the State gave written notice to the defendant of its intent to invoke the Article in advance of trial. This procedural rule was made prospective to cases tried after the date of the opinion, December 2, 1985. Since the guilty plea and sentencing herein occurred prior to that date, this portion of the Jackson ruling is not applicable. The trial court judge was in error when he ruled Article 893.1 was not applicable because the statute and use of a firearm were not charged.
However, although there is no procedural bar to the application of Article 893.1 herein, there may be a substantive (fundamental fairness) bar to its application. In State v. Harris, 480 So.2d 281, 285 (La.1985), a companion case of Jackson, appears the following:
Although we concluded that our notice requirement with regard to art. 893.1 would be only prospective in application, we recognized that the absence of actual knowledge of either evidence of - firearm use or of the impending application of art. 893.1 might, in some instances preceding rendition of our Jackson opinion, warrant nullification of a sentence imposed under the provisions of art. 893.1. [Underscoring added.]
The Court then observed that “[t]he prospective rule devised in Jackson affords this defendant no relief unless he can demonstrate some particular prejudice from the lack of notice.” Harris, 480 So.2d at 286. In State v. Delcambre, 480 So.2d 294 (La.1985), another companion case of Jackson, the defendant was not advised of the impending application of Article 893.1 prior to his guilty plea and was advised by the court in the Boykin that he could get a suspended sentence or twenty-one years in the penitentiary for pleading guilty to manslaughter. Subsequently, the trial court applied Article 893.1 in sentencing the defendant. The court found the misadvice on sentencing exposure and subsequent sentence enhancement were prejudicial and set aside the enhancement.
In Jackson, the defendant was initially charged with second degree murder. After a preliminary examination, the trial court ruled there was only probable cause to charge manslaughter. The defendant then waived his right to trial by jury and submitted the matter for a bench trial on the evidence adduced at the preliminary examination. The trial court then found him guilty of manslaughter. Jackson received no pretrial notice of intent to apply Article 893.1. In nullifying the enhancement under Article 893.1, the Court in Jackson, 480 So.2d at 272, observed as follows:
At first glance it might seem that Jackson was not prejudiced by the absence of notice pre-trial, inasmuch as he was aware before trial from evidence adduced at the preliminary hearing that the state’s case of manslaughter rested upon evidence that the defendant killed Tyrone Scott by firing a pistol.
This, of course, is true. Defendant knew before trial of the state’s evidence of firearm use; and in fact through counsel he stipulated for use at trial the entirety of the preliminary examination evidence. Nonetheless, defendant was not notified in any fashion of the state’s or the judge’s intention to invoke art. 893.1. Yet he virtually pled guilty to manslaughter when he so stipulated and presented no other evidence. This decision came immediately after the same trial judge had found the same evidence *161 sufficient to establish probable cause and to hold defendant on a manslaughter charge.
Had defendant been advised of the forthcoming invocation of art. 893.1, with the potential of a sentence from five to twenty-one years, all without benefit of probation, parole or suspension of sentence (roughly comparable to a sentence from 15 to 63 years, with benefit of parole), his defense strategy might well have been different from that which he employed. Facing an effective 15 to 63 year sentence on conviction for manslaughter, and had he been so advised pre-trial by the district attorney, he quite likely would have tried his case to a jury, or even to a judge, more aggressively than he did. The fact situation was pregnant with the possibility of a self-defense acquittal or conviction of a lesser offense than manslaughter. (Defendant intervened in an argument between defendant’s girl friend and the victim, was struck several times by the victim, whereupon he fired his pistol.) [Footnote omitted.]
In the instant case, Frazier had no notice of record to show that prior to entering his plea the State intended to apply Article 893.1. However, no notice of record was required. The trial judge in the Boykin did not discuss sentencing exposure and had no plea bargain with Frazier. A jury had been picked and the State was ready to go to trial when the plea was entered. However, as indicated in Jackson, would the defendant’s tactics have been the same had he possessed actual knowledge of his Article 893.1 sentencing exposure? As indicated in Harris, where a defendant has no actual knowledge of the impending application of Article 893.1, he can avoid its application if he can show some particular prejudice from the lack of notice. The record before us does not show or negate actual knowledge because, immediately after the State moved to apply Article 893.1 at the sentencing, the trial court ruled it was procedurally inapplicable. In this posture, Frazier had no need to demonstrate prejudice or even respond. Accordingly, we believe that fundamental fairness dicates that an evidentiary hearing be held in the trial court to determine if Frazier had actual knowledge of the impending application of Article 893.1 at the time his plea was entered and, if he did not, that he be given an opportunity to show he suffered some particular prejudice from the lack of notice. If Frazier had actual knowledge prior to his plea that the State intended to invoke Article 893.1 in the sentencing, but, nevertheless, pled guilty, he has suffered no prejudice. State v. Kennedy, 480 So.2d 299 (La.1985). A remand will be necessary to make these factual findings.
DECREE
For the foregoing reasons, (1) the judgment of the trial court ruling La.R.S. 14:95.2 inapplicable to the sentence in this case is affirmed; (2) the judgment of the trial court ruling La.C.Cr.P. art. 893.1 inapplicable to the sentence herein is reversed; (3) the sentence is vacated; and (4) this case is remanded to the trial court for an evidentiary hearing to be held in accordance with the views expressed herein. At the evidentiary hearing, the burden shall be on the State to show actual knowledge by Frazier that the State intended to apply Article 893.1 to Frazier’s sentence and that this actual knowledge was acquired prior to the time that the plea of guilty was entered; if the State fails to meet this burden, the original sentence shall be reimposed. If the State succeeds in its burden, Frazier shall have the burden of showing that he sustained some particular prejudice as a result of the lack of actual knowledge. If Frazier succeeds in his burden, the original sentence shall be reimposed; if Frazier fails in his burden, Frazier shall be resen-tenced in accordance with La.C.Cr.P. art. 893.1. Frazier and the State retain the right to appeal to this court from an adverse ruling on the legality of the sentence.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.