ARMSTRONG, Judge.
The defendant, Jose L. Puerto, was charged by bill of information with a violation of LSA-R.S. 14:31, relative to manslaughter. After a trial, a twelve-member jury found him guilty as charged. He was sentenced to serve twenty-one years at hard labor and to pay a fine of $30.00 in court costs or serve 30 days in default thereof, with an additional two years at hard labor without benefit of parole, probation, or suspension of sentence, pursuant to LSA-R.S. 14:95.2 to be served consecutively-
The record reflects that on October 15, 1984, at approximately 11:30 p.m. Terry Colyer and the defendant Jose Puerto were arguing in the street outside the El Piasano Bar over money from an alleged marijuana deal. At trial, witnesses testified that although Colyer was carrying a knife, he was a good distance from Puerto when Puerto shot him in the head. Puerto then fled the scene. He was arrested a few days later after the shooting. Colyer later died of the gunshot wound to his head.

Errors Patent

We have reviewed the record for errors patent and have found one. The record reflects that although the defendant was declared indigent at his arraignment, he was ordered at sentencing to pay $30.00 in court costs or serve thirty days in jail if in default.
An indigent defendant cannot be subjected to imprisonment for a longer period of time because he cannot pay a fine or court costs. State v. Garrett 484 So.2d 662 (La.1986); State v. Barnes 496 So.2d 1056 (La.App. 4th Cir.1986). Thus we conclude that that portion of the sentence which imposed the fine or court costs was illegal.
By his first assignment of error, the defendant contends that the trial court erred by sentencing him under R.S. 14:95.2 to serve an additional two years at hard labor without benefit of parole, probation, or suspension of sentence. Specifically, he alleges that although the State did file a bill of information at sentencing charging him with a violation of R.S. 14:95.2, he was not *322 afforded a chance to be arraigned on the charge.
R.S. 14:95.2 provides:
A. Notwithstanding any other provisions of law to the contrary, any person who uses a firearm or explosive device at the time he commits or attempts to commit the crime of second degree murder, mansláughter, aggravated battery, simple kidnapping, aggravated escape, aggravated burglary, aggravated arson, attempted aggravated rape, attempted first degree murder, or attempted aggravated kidnapping shall upon conviction serve a term of two years imprisonment for the first conviction and upon conviction for each second and subsequent offense listed in this Section, he shall serve a term of five years imprisonment.
B. The penalty provided herein shall be in addition to any other penalty imposed under the provisions of this Title and such person shall serve the additional term of imprisonment in the same manner as provided in the offense for which he was convicted and without benefit of parole, probation, suspension of sentence or credit for good time and any adjudication of guilt or imposition of sentence shall not be suspended.
C. The prison terms provided under the provisions of this Section shall run consecutively to any other penalty imposed upon conviction of any of the crimes listed in this Section.
In State v. Jackson, 480 So.2d 263 (La.1985)[1], the court held that due process requires that the defendant be informed of the State’s intent to seek an additional sentence under R.S. 14:95.2 by filing a bill of information or indictment formally charging the defendant with having violated this provision. The court reasoned:
Although § 14:95.2 does not define a fully independent crime, it does define criminal activity, use of a gun attending commission of ten specified felonies, and it does provide for an independent or supplemental penalty. Furthermore, it appears in the Criminal Code (Chapter 1 of Title 14) at Part VI “Offenses Affecting the Public Generally,” Subpart A “Offenses Affecting the Public Safety.” It is sufficiently an accusation as to require that the accused “be informed of the nature and cause” thereof (U.S. Const, amend, art. VI and In re Oliver 333 U.S. 257, 68 S.Ct. 499, 92 L.Ed. 682 [1948]). The prescribed method in Louisiana for informing an accused of a criminal charge, in this instance § 14:95.2, is inclusion in a bill of information or indictment.
Id. at 268.
Here, although the sentencing transcript indicates that the State filed a “bill of information” charging the appellant with violating R.S. 14:95.2, a review of the district court record reveals that no such bill was filed. Rather, a “Motion to Invoke Code of Criminal Procedure Article 893.1 and L.A.R.S. 14:95.2” was filed on the date of sentencing. However, as pointed out in State v. Jackson, supra, a mere motion to invoke R.S. 14:95.2 will not suffice. See also State v. Arabie, 496 So.2d 554 (La.App. 1st Cir.1986); State v. Green, 484 So.2d 698 (La.App. 1st Cir.1985), aff'd 493 So.2d 1178 (La.1986). Because the State failed to provide adequate notice to the defendant of its intent to seek an additional sentence by filing a bill of information charging him with a violation R.S. 14:95.2,' his additional two-year sentence at hard labor without benefit of parole, probation, or suspension of sentence is hereby vacated. State v. Parker, 503 So.2d 643 (La.App. 4th Cir.1987).
By his second assignment of error the defendant maintains that the trial court erred in imppsing a twenty-one year maximum sentence. Defendant argues that the sentence was unconstitutionally excessive given the facts of this particular case and the background of this particular offender.
The test imposed by the appellate court in determining excessiveness of sen *323 tence is two-pronged: first, the record must show that the trial court took cognizance of the criteria set forth in C.Cr.P. Art. 894.1, including a consideration of both the aggravating and mitigating factors; second, after compliance with 894.1 is shown, the reviewing court must determine whether the sentence is too severe given the particular circumstances of the case and the background of the defendant. State v. Brogdon, 457 So.2d 616 (La.1984); State v. Caston, 477 So.2d 868 (La.App. 4th Cir.1985); State v. Nelson, 449 So.2d 161 (La.App. 4th 1984).
Although the trial court is not required to list every aggravating or mitigating circumstances found in 894.1, the record as a whole must reflect adequate consideration of the sentencing guidelines and that the sentence was tailored to fit the individual defendant and the particular crime. State v. Telsee, 425 So.2d 1251 (La.1983). State v. Wheeler, 450 So.2d 695 (La.App. 4th Cir.1984); State v. Nelson, supra. Remand for adequate compliance with the article has been found to be unnecessary when the sentence actually imposed is not apparently severe. State v. Jones, 381 So.2d 416 (La.1980); State v. Davis, 448 So.2d 645 (La.1984). However, articulation of the reasons underlying a sentence is especially important where the maximum sentence is imposed since maximum sentences are to be reserved for the most egregious and blameworthy of offenders. State v. Telsee, supra; State v. Brockett, 471 So.2d 867 (La.App. 2nd Cir.1985).
In the instant case the trial court gave the following reasons for sentence:
The Court adopts the finding of the jury of guilty as charged, beyond a reasonable doubt. The Court concurs in the jury’s verdict and feels there was sufficient evidence, beyond a reasonable doubt to show that the defendant committed the crime of manslaughter with a gun. That’s the factual basis for the imposition of sentence under 894.1, paragraph A, 1, 2 and 3.
The court did not discuss any of the aggravating or mitigating circumstances listed in 894.1. The circumstances of this case would seem to merit at least a minimal consideration of those factors listed in 894.1 B (3), (4) and (5):
(3) The defendant acted under strong provocation;
(4) There was substantial grounds tending to excuse or justify the defendant’s criminal conduct, though failing to establish a defense;
(5) The victim of the defendant’s criminal conduct induced or facilitated its commission.
Other than the defendant’s age and nationality, the sentencing transcript is silent as to defendant’s background and criminal history. Under these circumstances we find that the trial court did not adequately comply with C.Cr.P. Art. 894.1 nor did it attempt to individualize the sentence to this particular defendant. This matter must be remanded for resentencing in accordance with C.Cr.P. 894.1. State v. Claiborne, 483 So.2d 1301 (La.App. 4th Cir.1986). Consideration of defendant’s excessive sentence claim is therefore pretermitted.
For the foregoing reasons defendant’s conviction is affirmed. The case is remanded for resentencing in accordance with this opinion.
Conviction Affirmed; Sentence Vacated and Remanded for Resentencing.

. Jackson was overruled in part on other grounds in State v. Allen, 496 So.2d 301 (La.1986).